THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX GINSBERG, Appellant.*— Judgment of conviction of the County Court of Kings county unanimously affirmed. The record amply establishes the guilt of the defendant and contains no prejudicial error. The point raised with respect to juror No. 12 is not before us on this record. The burden was on the defendant to make a record of that which the juror is claimed to have answered in response to questions propounded which the defendant deemed to indicate bias. The failure to have this record made was a waiver by the defendant of his right to have such examination taken down. There is, therefore, nothing in the record that necessitated the propounding to the talesman of proper questions under section 376 of the Code of Criminal Procedure. (*People* v. *Wilmarth*, 156 N. Y. 566; *People* v. *Flaherty*, 162 id. 532.) The unnecessary propounding by the court of a question which the talesman answered by declaring he would give " a fair and honest verdict upon the evidence * * * and only upon the evidence " while insufficient if facts appeared in the record showing the need for the propounding of the question, nevertheless indicates that the juror was impartial. The refusal of the trial court to permit counsel to re-examine the talesman was a matter that rested in the trial court's discretion, he having afforded the defendant an opportunity to develop his reasons for making the challenge before he interposed it. The record does not disclose that he did not afford such an opportunity. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF MIDDLETOWN, Appellant, v. HULETT C. McBRIDE and Others, as Assessors of the Town of Wawayanda, Orange County, New York, and Another, Respondents.— Final order dismissing certiorari order reversed upon the law, with costs, certiorari proceeding sustained and assessment canceled and annulled, with fifty dollars costs and disbursements. In our opinion, the statute in question is constitutional and valid and the assessors of the town of Wawayanda were without power to assess the lands annexed to the city of Middletown by that statute.† There is no provision in our Constitution requiring that lands annexed to a city shall be contiguous thereto. The title to the act is neither misleading nor deceptive and does not infringe the provisions of article 3, section 16, of our Constitution, providing that no local bill shall embrace more than one subject and that that shall be expressed in the title. (*Economic P. & C. Co.* v. *City of Buffalo*, 195 N. Y. 286; *Gaynor* v. *Village of Port Chester*, 231 id. 451; *People ex rel. City of Rochester* v. *Briggs*, 50 id. 553; *Willis* v. *City of Rochester*, 219 id. 427.) Assuming that the purpose of this statute was to prevent the assessment and taxation of these lands by the town, such a result from its enactment would be so obvious that no one could have been misled or deceived by the title. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

---

* Affd., 262 N. Y. 556.     † See Laws of 1931, chap. 574.— [REP.