William W. Sebea, J.
This is an appeal from a judgment of conviction for reckless driving in violation of section 1190 of the Vehicle and Traffic Law. The conviction was had in the town Justice Court of the Town of Cuba by a jury verdict of guilty. Four causes of error are cited by the defendant on appeal.
On the jury selection, the Assistant District Attorney moved the court to excuse a juror for cause, stating to the court after the examination:
‘ ‘ mb. embseb : She would be embarrassed to bring in a verdict against this man, she is acquainted with the defendant.” The defense counsel objected as follows:
1 ‘ mb. fbahcis : That is not one of the causes set forth in the Code of Criminal Procedure, Your Honor. I don’t think he can have an excuse for cause on that ground, I think it would be a peremptory.
“ the couET: I will grant a peremptory challenge.”
At a later point in the examination, the court reversed its ruling, and the following discussion was entered on the minutes.
‘ ‘ mb. fbancis : The court has ruled twice on that same motion, Your Honor.
“ the coubt : That is correct. The court has ruled twice on the same motion, once for Ann McLaughlin and once for Arby Swift, both for the same reason, because they were acquainted with the parents of the defendant. Very well, I will rule on Ann McLaughlin that it is for cause rather than peremptory.
“ mb. fbanoís: May I have an exception, Your Honor.
“ the couet: Your exception is noted.
“ (Examination of the prospective jurors was completed and the trial jury was duly sworn in.) ”
The court, also, on its record of challenges made the following notation: “ (3) This peremptory by People challenged by Defendant as being 4th where only 3 are allowed. People argued that they originally requested “cause ” and that the grounds for cause were the same as Juror #6, Evelyn Tucker, who was excused at request of defendant. Court reversed itself on Ann McLaughlin and allowed for cause. Objection by defendant overruled and exception noted.”
Neither counsel nor the court has discovered any case of alleged excess challenges presented in this jurisdiction and comparable to the situation herein. The conduct of the Justice was, at least, somewhat irregular. Upon the challenge being brought to his attention, he should have tried the challenge. *1061 “ The challenge must, in all cases, be tried by the court.” (Code Crim. Pro. § 707; see, also, §§ 382 and 383.) No objection was taken to the failure to try the challenge, and is deemed waived. (People v. Ginsberg, 238 App. Div. 872.) Accepting, then, as a stipulated fact that the prospective juror maintained a state of mind that favored the defendant, although not a state of mind shown upon the voir dire which would necessarily preclude her from rendering a fair and impartial verdict, it would be within the discretion of the Trial Judge to have excluded her for cause in the first instance if the court was not satisfied that the impression of the juror would not influence her verdict (Code Crim. Pro., § 376; People v. Fernandez, 301 N. Y. 302). Both the People and the defendant exhausted their peremptory challenges in this case, and it is urged by the defendant that under the circumstances the Justice in changing his ruling placed the defendant in a position where his case was prejudiced in the deliberations by being forced to exercise his peremptories in a manner which was not advantageous to his case, citing People v. Mancuso (26 A D 2d 292). The court finds that the rule is not applicable under the circumstances of this case. The court may excuse a juror at any time in its discretion, even after being sworn, if before the taking of evidence (People v. Beckwith, 103 N. Y. 360), and may reject a juror on its own motion where the court deems the juror not competent or indifferent between the parties. (People v. Decker, 157 N. Y. 186; Code Crim. Pro., § 371.) In weighing the effect of variations from the usual procedures in seating jurors, it must be borne in mind that the challenge of jurors is a matter of rejection, not of selection of jurors, a matter of making up a trial box of qualified and impartial jurors, and not of selecting particular and favorable jurors. In the absence of a showing of prejudice to a defendant, therefore, such procedural variances as are not deemed prejudicial with this concept in view cannot be grounds for reversal of the results of a trial. The Justice herein, moreover, in his discretion, excused another juror at the request of and on behalf of the defendant for the same cause as the one he now complains of. It cannot be said, upon the whole record, that the irregularities of the selection of the jury have been abusive or prejudicial to the substantial rights of the defendant (Code Crim. Pro., § 542). (See, also, Ann. 95 ALR. 2d 957, for cases in other jurisdictions.)
The appeal on the grounds that the verdict is against the ‘ ‘ weight of evidence ’ ’ is without basis. The uncontroverted evidence of the witnesses is to the effect that the defendant drove on a partly icy road in excess of 100 miles per hour, that *1062 he forced two cars off the pavement (one off the highway), that the police officer had difficulty in maintaining control of his car at the speeds involved in pursuing him, that the defendant went out of control on the wrong side of the road and finally came to rest in a ditch on the right-hand side of the road. The evidence is sufficient to sustain the conviction beyond any reasonable doubt. No errors on the admission of evidence are noted.
The defendant also urges error in refusal to charge as to the failure of the People to call a witness. The form of the request to charge is in error and may be rejected on that ground. It does not refer to differences in the witnesses’ versions of the accident, and indeed there were no substantial differences, and no opposing evidence. (Noce v. Kaufman, 2 N Y 2d 347.) Moreover, the witness to whom allusion is apparently made is a driver of one of the cars forced off the road, not within the control of the People, and equally available to both parties on subpoena. (Hayden v. New York Rys. Co., 233 N. Y. 34.)
The judgment of conviction is sustained.