OPINION OF THE COURT
Edward J. McLaughlin, J.
Defendant, a member of the New York City Police Department, moves for an order pursuant to CPL articles 210 and 170, dismissing the charges of assault in the third degree and harassment pending against him. A Grand Jury directed the filing of a prosecutor’s information charging the defendant with intentional and reckless assault as well as harassment. The allegation is that, while in uniform and on duty, the defendant struck the complainant, David Anglada, a Protestant minister, in the Times Square substation on June 2, 1983, thereby physically injuring him.
A prior application challenging the sufficiency of the evidence presented to the Grand Jury was denied by order of this court dated November 28,1983. The instant motion arises due to the defendant’s discovery, following the publication of People v Wallert (98 AD2d 47), that the complainant herein had filed a notice of claim against both the City of New York and the New York City Police Department.* The motion is, therefore, timely.
Defendant’s motion assumes that the Assistant District Attorney presenting the case to the Grand Jury knew that *896 the complainant contemplated a civil suit for damages. The court, however, credits the representation, contained in the affidavit of the trial assistant, that the assistant who presented the case knew only that the complainant was represented by an attorney to defend against the summons issued to him during this incident.
An evidentiary hearing is unnecessary since even were the presenting assistant aware of the complainant’s intention to sue defendant’s employers, he was not obligated legally to inform the Grand Jury.
In Wallert (supra), the Appellate Division, citing Brady v Maryland (373 US 83), reversed a jury verdict convicting the defendant of rape and sodomy in the first degree, assault in the second degree, and sexual abuse in the first degree. The case involved a first date during which the complainant went to the defendant’s apartment with him and his friend, stayed both after the friend’s departure and for several hours following the alleged unconsummated assault. The complainant finally left with the defendant in the morning. Two days after the conviction, the complainant filed an $18,000,000 civil lawsuit, seeking damages from the defendant. Although the prosecutor knew of the anticipated civil suit, that information was not disclosed prior to or during trial. Furthermore, during summation the prosecutor stressed the complainant’s lack of motive to falsify. The court said: “[i]t is now well settled that a prosecutor is under an affirmative duty to disclose to the defendant material evidence which is exculpatory in nature (United States v Agurs, 427 US 97) and such material may include evidence which impeaches the credibility of a prosecution witness.” (People v Wallert, 98 AD2d 47, 50, supra.)
Disclosure of the impending civil suit in the present case, coming prior to trial, does not require dismissal of the information. Initially, it should be noted that the People determined that a notice of claim existed following a request from defense counsel. No effort to conceal that fact exists in this case. Also, the information is not the type of evidence which the assistant would have been required to present to the Grand Jury were it known then.
*897 The functions of Grand Juries and trial juries differ markedly as do the burdens of proof involved. Grand Juries determine whether reasonable cause exists that a defendant committed a crime (GPL 190.65, subd 1) while trial juries determine whether an accused’s guilt has been proven beyond a reasonable doubt (CPL 300.10, subd 2). The latter proceeding is adversarial. The former is not (e.g., Costello v United States, 350 US 359).
The prosecutor is not required to present exculpatory evidence to a Grand Jury. (People v Isla, 96 AD2d 789.) In that case the Grand Jury did not hear the portion of the defendant’s statement which claimed self-defense. The court said the defect was cured by the defendant’s offering his self-defense and justification assertion at trial.
Cases requiring prosecutors to present evidence of affirmative defenses to a Grand Jury appear to be those where revelation of such information likely would have resulted in dismissals by the Grand Jury (e.g., People v Ferrara, 82 Misc 2d 270; People v Smith, NYLJ, March 16, 1976, p 7, col 3). However, cases involving claims of entrapment (People v Karassik, 90 Misc 2d 839) and mental disease (People v Galuppo, 98 Misc 2d 395) do not require presentation of such evidence to Grand Juries.
Evidence related to witness bias, prejudice or ulterior motivation is properly explored in detail during cross-examination at trial. Such material is never collateral and the right of defendants to probe the motives of their accusers is jealously guarded. (Davis v Alaska, 415 US 308; Smith v Illinois, 390 US 129; Alford v United States, 282 US 687.) The court in Davis (supra) said “[ckoss-examination is the principal means by which the believability of a witness and the truth of his testimony are tested * * * The partiality of a witness is subject to exploration at trial, and is ‘always relevant as discrediting the witness and affecting the weight of his testimony’ * * * We have recognized that the exposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.” (Davis v Alaska, 415 US 308, 316-317, supra.)
Post-Brady suppression of such witness motivation data as promises made to witnesses regarding nonprosecution *898 (Giglio v United States, 405 US 150) or intervention on their behalf with the Parole Board (People v Cwikla, 46 NY2d 434) involved concealment during trial as does Wallert (supra). Consequently, nondisclosure of the anticipated civil suit here does not require dismissal. That information is properly the subject of trial cross-examination. Revealing the potential suit to the Grand Jury likely would not have caused a change in its vote. Inclusion in the presentation was unnecessary (People v Isla, supra). Defendant’s motion is, in all respects, denied.

 The defendant himself was not named in the notice. Victim-initiated civil suits are likely to be more common now that victim’s rights are being emphasized.