■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SANDRA SMALLS, Respondent. — Order of the Supreme Court, New York County (James Leff, J.), entered June 1, 1984, granting defendant's motion to dismiss an indictment, with leave to re-present, is reversed, on the law, and the indictment is reinstated.

Defendant Sandra Smalls was indicted by a Grand Jury for manslaughter. She is alleged to have stabbed a man who purportedly punched her and refused to leave her apartment. The victim subsequently died of his wound. The defendant did not testify before the Grand Jury. She claims that the prosecutor was required to submit her postarrest statement to the Grand

Jury and that the prosecutor should have instructed the jurors on the law of justification.

"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution". (*People v Calbud, Inc.,* 49 NY2d 389, 394.)

"The Grand Jury was entitled to the full story so that it could make an independent decision that probable cause existed to support an indictment" (*People v Isla,* 96 AD2d 789).

The prosecution does not always have to bring before the Grand Jury all statements given by the defendant, even if the statement contains exculpatory material, as long as the presentation is fair. (*See, People v Isla, supra.*) CPL 190.50 (5) grants defendants the right to testify before a Grand Jury, but this section requires live witness testimony, not simply statements. Here, the defendant did not testify before the Grand Jury and thus waived her right under CPL 190.50 (5). The defendant can present any defenses at trial. Concur — Kupferman, J. P., Ross, Lynch and Kassal, JJ.

Rosenberger, J., concurs in a separate memorandum as follows: I concur. It should be noted, however, that in this case an omnibus motion, including a motion to inspect the Grand Jury minutes and dismiss the indictment, was served on behalf of the defendant on January 23, 1984, returnable February 1. The People responded on February 10, consenting to an inspection of the Grand Jury minutes by the court and opposing dismissal. The Grand Jury minutes were handed up to the court on February 14. The record does not reflect any action on the motion by the judge in the calendar part in which it was made.

On June 1, 1984, the case was referred, by the judge in the calendar part, to a trial part for "hearing and trial," the defendant's omnibus motion having included a motion to suppress statements made by her. There was no written order determining any portion of the motion or reflecting the ordering of a hearing. The clerks entries on the file do not reflect any such order or decision.

I recognize the large volume of cases in calendar parts of the Supreme Court in New York County and the need for speedy disposition of them, most often by negotiated pleas. A primary duty of the judges sitting in such calendar parts is the prompt decision of motions brought before them, as well as assuring that cases are ready for trial as quickly as possible. Decisions by both prosecutors and defendants, affecting their plea negotiations, will most often be substantially affected by the court's

decision on the motions. Both plea negotiation and readiness for trial will be substantially expedited by prompt determination of motions. Even in the absence of such consideration, both sides are entitled to have motions promptly heard and determined, particularly where, as was the case here, the defendant is in jail pending trial.

An oral decision by a calendar judge, except after evidentiary hearing, is frequently difficult to locate and transcribe. This is due to the large number of cases on each day's calendar and the number of times each can appear in a calendar part (15 times in the instant case) before being referred to a trial part.

A written decision, however brief, should be entered for each motion, including those which warrant hearings and in which the hearing and determination are referred to the trial court. Such writing will remove any doubt for a trial or reviewing court as to what the calendar judge intended and decided.