■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL HIBBLER, Also Known as JAMES WATTS, Appellant. — Judgment, Supreme Court, New York County (Hornblass, J.), rendered December 8, 1982, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

We find ample evidence to support the conviction and no merit to defendant's claim that he was denied his right to a fair trial by the prosecutor's cross-examination of him. The court, however, as defendant contends, erred when it summarily denied his timely motion to suppress any evidence taken from him at the time of his arrest. Specifically at issue were two tinfoil packages of cocaine recovered from defendant in a search of his person. The "main gravamen" of the court's ruling was its finding that defendant lacked standing to contest the search. Where the evidence sought to be suppressed was seized from his person a defendant's expectation of privacy is beyond question. (*See, People v Taylor,* 97 AD2d 381; *People v Sutton,* 91 AD2d 522.) We find, however, after a review of the trial transcript, that all the facts pertinent to the suppression issue were fully developed at trial, and no rational trier of the facts could conclude other than that the police officers had probable cause to arrest defendant. The undercover officer testified in detail about defendant's appearance. He recalled defendant's age, height, weight, and the clothes he was wearing, including a white cap, a beige sweater with a printed front, and black sandals. The undercover officer also testified that he described defendant and his location to the officers in his backup unit. Although the arresting officer was not permitted to testify about the details of the description he received, he did testify that defendant matched the description and that he was wearing a white cap, a beige sweater with a multicolored front, and black sandals. The recitation of any additional evidence at a suppression hearing would clearly serve no purpose.

We also note that defendant filed his motion to suppress three months before trial. Apparently, although the People timely responded, he never received a decision until, on the eve of trial, he requested a ruling. At that time his motion was denied without a hearing, the court observing that the case was marked "ready for trial". A defendant is entitled to a ruling on his pretrial motions before his case is sent to a trial part, unless, of course, disposition of such motion is expressly deferred for resolution in the trial part. Here no disposition was indicated before the case was sent out for trial. We note our disapproval of such practice. (*See, People v Smalls,* 111 AD2d 38, 39-40 [Rosenberger, J., concurring].) Concur — Sullivan, J. P., Asch, Fein, Kassal and Rosenberger, JJ.