■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SEPULVEDA, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated June 20, 1985, which granted the defendant's motion to dismiss the indictment charging him with manslaughter in the second degree and criminal possession of a weapon in the third degree.

Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was originally indicted under indictment No.

124/79 for murder in the second degree and criminal possession of a weapon in the third degree arising out of the death, by shooting, of one Juan Vargas. The shooting occurred in the living room of the defendant's mother's house several hours after the defendant's brother had been murdered. At the trial on that indictment, two witnesses, Mr. Perez and Mr. Cardona, testified that the defendant had twice entered the living room, the first time carrying a handgun and the second time carrying a shotgun which he pointed at all those who had gathered to convey their condolences, and demanded to know how his slain brother had come to be killed. When he entered a third time, he walked straight over to the decedent, held the shotgun up to him, and the gun discharged, perhaps accidentally. The defendant testified that he was in the kitchen talking with several other persons at the relevant time and denied that he possessed a gun. Three other witnesses testified in support of his alibi. The defendant was convicted, upon a jury verdict, of manslaughter in the second degree and criminal possession of a weapon in the third degree. On the defendant's appeal from the judgment of conviction, this court reversed, and, *inter alia*, dismissed the first count of the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury, due, in part, to the trial court's erroneous curtailment of defense counsel's cross-examination of the witness Perez *(see, People v Sepulveda*, 105 AD2d 854).

The People resubmitted the matter to another Grand Jury and obtained the subject indictment, charging the defendant with manslaughter in the second degree and criminal possession of a weapon in the third degree. Witness Cardona testified substantially the same before the Grand Jury as he did at the trial on indictment No. 124/79. In relevant part, Cardona testified that the shotgun which the defendant pointed at Vargas discharged before he (Cardona) went running out of the room. An autopsy report, also submitted before the Grand Jury, indicated that the decedent had died of a shotgun wound. Criminal Term granted the defendant's motion to dismiss the indictment based upon the prosecutor's failure to inform the Grand Jury of a prior inconsistent statement Cardona allegedly made to Detective O'Donnell. In relevant part, Cardona allegedly told the detective that "he didn't see the shot actually being fired but he heard it as he was going out the window or door". The prior statement also placed the defendant with a shotgun in the room with the deceased (who died of a shotgun wound) inquiring at gunpoint into the death

of his brother shortly before Cardona heard a shot from the room.

Cardona's prior statement to the detective, combined with the other testimony adduced before the Grand Jury, also inculpates the defendant, albeit circumstantially rather than directly. Under the circumstances, we conclude that the prosecutor's failure to impeach Cardona at the Grand Jury proceedings with his prior inconsistent statement did not result in the concealment of exculpatory matter that would have materially influenced that body's investigation of findings *(see, People v Rockwell,* 97 AD2d 853; *People v Thompson,* 108 AD2d 942; *People v Filis,* 87 Misc 2d 1067; *cf. People v Rao,* 73 AD2d 88). Noteworthy is the distinction between a case where the prosecutor knows the indictment rests solely upon false evidence *(see, People v Pelchat,* 62 NY2d 97) and a case, such as this, which presents questions of witness credibility which are for a petit jury *(see, People v Finley,* 104 AD2d 450; *see, e.g., People v Perez,* 105 Misc 2d 845; *People v Hill,* 122 Misc 2d 895).

Furthermore, the prosecutor did not have to inform the Grand Jury of the alibi testimony of the defendant and his witnesses, which was adduced at the prior trial. CPL 190.50 (5) and (6) grant the defendant the right to testify before a Grand Jury and to request the Grand Jury to cause the attendance of and to hear designated persons. Here, the defendant did not testify before the Grand Jury nor did he request the Grand Jury to call his alibi witnesses to testify and, thus, has waived his rights under CPL 190.50 (5) and (6) *(see, People v Smalls,* 111 AD2d 38, 39; *cf. People v Hunter,* 126 Misc 2d 13). In sum, the evidence before the Grand Jury is legally sufficient to support the indictment. Brown, J. P., Niehoff, Rubin and Kooper, JJ., concur.