■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK TOWNSEND, Respondent.—Order, Supreme Court, New York County (James Leff, J.), entered April 22, 1985, which dismissed the second count of the indictment charging bribery in the first degree and suppressed defendant's statements relating thereto, unanimously reversed, on the law and the facts, the second count of the indictment reinstated and the motion to suppress defendant's statements is denied. Defendant's motions to dismiss the appeal and to strike the reply brief, respectively, are denied.

By indictment filed May 4, 1984, defendant was charged with bribery in the first degree, criminal possession of a controlled substance in the second degree and criminally using drug paraphernalia in the second degree. Specifically, it is alleged that he owned 3¼ ounces of cocaine found during an inventory search of his car which had been towed and

impounded as "a scofflaw car." Subsequently to his arrest at the Department of Transportation car pound, defendant allegedly offered the arresting officers money as a bribe. One of the conversations between the accused and the officers pertaining to the bribe was tape recorded. In that statement, defendant repeatedly told the officers "All I'm saying to you is this, alright there's a bag there that has some money in it. I don't know how much is in it * * * If you say it's $5 in it, that's what was in it, if you say it's $3 and you don't have to do anything for me". The offers were couched amidst disclaimers of intent to bribe the officers. At one juncture, defendant proposed to pay the officers in "appreciation" for their decision not to arrest defendant's girlfriend, who had been with him at the time of his arrest.

Defense counsel moved, *inter alia,* for inspection of the Grand Jury minutes and dismissal of the indictment and for suppression of defendant's statements to police on the ground that they were involuntarily made. On September 4, 1984, a Justice presiding in a Calendar Part ruled that the Grand Jury minutes were sufficient to sustain the indictment. The cover to the Grand Jury minutes bears the handwritten inscription "grand jury minutes sufficient" followed by the date and the Judge's initials.

At a combined *Huntley/Mapp* hearing commenced April 22, 1985, Justice Leff held that the prior court ruling regarding the jury minutes was "ineffective" in that "there was no complete compliance with" CPL 210.30 (5) which requires that the court place on the record its ruling upon the motion to inspect. The court dismissed the bribery count finding that the evidence submitted to the Grand Jury was insufficient to support the charge. The court faulted the prosecutor for not introducing to the Grand Jury the tape-recorded conversation which the court characterized as "exculpatory." Defendant's statements to the police, though held to have been voluntarily made and otherwise admissible, were suppressed as pertaining to the dismissed count of the indictment.

The People appeal, contending that the September 1984 ruling regarding the Grand Jury minutes complied with CPL 210.30 (5). Arguing that they had no obligation to present the tape-recorded conversation to the Grand Jury, the People seek reinstatement of the bribery count of the indictment and admission at trial of defendant's statements to the police.

Respondent counters that dismissal of the indictment is mandated because the People intentionally withheld from the

Grand Jury the tape which revealed an absence of intent to bribe. He also contends that suppression of the statements cannot be appealed since CPL 450.20 strictly limits the People's right to appeal and suppression was not ordered pursuant to CPL 710.20.

The Grand Jury, as an investigative body, is empowered to indict for an offense when the evidence presented, if accepted as true, establishes "every element of the offense and the defendant's commission of it". *(People v Pelchat,* 62 NY2d 97, 105 [1984]; CPL 70.10 [1].) The prosecutor's wide exercise of discretion in presenting evidence to the Grand Jury, which may include the decision not to present exculpatory material, must be balanced by the Grand Jury's right to hear the "full story so that it [can] make an independent decision that probable cause [exists] to support an indictment." *(People v Isla,* 96 AD2d 789 [1st Dept 1983]; *People v Smalls,* 111 AD2d 38, 39 [1st Dept 1985].)

That balance was not disturbed in the case at bar. Taken in context, the tape-recorded conversation was, at best, marginally exculpatory. Defendant's comments were only thinly veiled offers to confer a benefit upon police officers with the understanding that they would influence the outcome of the arrest. The police officer testifying before the Grand Jury fairly synopsized the conversation. As noted in *People v Smalls (supra),* pursuant to CPL 190.50 (5), the defendant had the right to testify before the Grand Jury.

Appeal from the suppression of defendant's statements was properly taken (CPL 450.20 [8]). CPL 450.50 is designed to limit appeals by the People from interlocutory suppression orders. Dismissal of the indictment simultaneously with the suppression of statements guarantees finality, and renders the filing of a statement pursuant to CPL 450.50 (1) unnecessary. *(People v Brooks,* 54 AD2d 333, 337 [4th Dept 1976]; *People v Midgett,* 86 Misc 2d 1003, 1005 [App Term, 2d Dept 1976].)

Were we to affirm the dismissal of the bribery count of the indictment, defendant's statements to the police would nonetheless be admissible at trial as evidence of his consciousness of guilt. *(People v Yazum,* 13 NY2d 302 [1963].) Concur— Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ.