■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 25, 1988, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment on speedy trial grounds was properly denied without a hearing, since it was clear from the court file and the parties' papers that a significant portion of the nearly two-year delay between the filing of the felony complaint and the commencement of the trial was excludable, and the defendant failed to establish that the unexcludable delay was in excess of the statutory period (see, People v Lomax, 50 NY2d 351; cf., People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333; People v Montes, 151 AD2d 700). We note that during the period in question, the defendant absconded twice, used two aliases, was incarcerated under one of the aliases, and was the subject of two separate bench warrants.

Although it was error for the court to use the phrase "reasonable certainty" in its charge on reasonable doubt (see, People v La Rosa, 112 AD2d 954), this error is not preserved for appellate review. In any event, neither the single instance in which that phrase was used, nor the other claimed imper-

fections, diluted the effect of the charge, which repeatedly and accurately conveyed to the jury the concept of reasonable doubt *(see, People v Canty,* 60 NY2d 830; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Baucom,* 154 AD2d 688).

We have examined the defendant's remaining contention and find it to be unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, without merit. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.