■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GILLIAM, Appellant.—Judgment unanimously affirmed. Memorandum: The failure of the prosecution to inform the Grand Jury that a knife was found near the body of the victim does not require a dismissal of the indictment. The proper remedy for improper conduct before the Grand Jury is a motion to dismiss the indictment under CPL 210.35 (5) on the ground that that the "proceeding * * * fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result." Not having made such a motion and not having objected on the ground that the integrity of the Grand Jury had been impaired, defendant has failed to preserve that issue for our review. If we were to address that issue, we would hold that it lacks merit. When the case was presented to the Grand Jury, the prosecutor had no indication that self-defense would be in issue and that the presence of the knife was exculpatory. The knife was folded and was found near the victim's clothing, which had been removed by the paramedics before they removed the body to the ambulance. Defendant did not raise the issue of self-defense until the time of the trial when he withdrew his defense of extreme emotional disturbance. Moreover, "[t]he People generally enjoy wide discretion in presenting their case to the Grand Jury *(People v Rockwell,* 97 AD2d 853) and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused *(People v Isla,* 96 AD2d 789) even though such information undeniably would allow the Grand Jury to make a more informed determination" *(People v Lancaster,* 69 NY2d 20, 25-26, *cert denied* 480 US 922). Here, as in *People v Isla* (96 AD2d 789, 789-790, *supra)* and *People v Hill* (122 Misc 2d 895, 897), both cited in *People v Lancaster (supra,* at 26), the defect, if any, was cured by defendant's offering his justification defense at trial.

The court did not err in communicating to the jury in the presence of counsel, but in the absence of defendant. It was fulfilling an administrative duty when it told the jury that it was sending it certain exhibits. The jury was given no instruction and the communication had no substantial relation to defendant's opportunity to defend the charges *(see, People v Harris,* 76 NY2d 810, 812; *see also, People v Sterling,* 141 AD2d 680, 681, *lv denied* 73 NY2d 790; *People v Moore,* 129 AD2d 590, *lv denied* 70 NY2d 651).

We reject defendant's further contentions that prosecutorial misconduct deprived him of a fair trial and we find no merit in the other contentions made in his main brief and in his supplemental *pro se* brief. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Manslaughter, 1st Degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.