■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER JAMES KABA, Respondent.—Appeal by the People from an order of the County Court, Dutchess County (Hillery, J.), entered October 12, 1988, which granted the defendant's motion to dismiss the indictment charging him with criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts).

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Dutchess County, for further proceedings consistent herewith.

By Indictment Number 47/88, the defendant was charged with four crimes alleged to have arisen from two separate incidents: one that occurred on March 10, 1988, and a second that occurred on April 2, 1988. In both instances it was alleged that the defendant sold cocaine to a confidential informant.

The defendant moved to dismiss the indictment. In his supporting papers, the defense counsel claimed that the prosecutor erred in not providing him, before this matter was submitted to the Grand Jury, with a tape which contained a recording of the transaction that occurred on March 10, 1988. Counsel argued that this tape clearly demonstrated the applicability of the agency defense in this case and, additionally, demonstrated that the confidential informant ingested cocaine prior to the March 10 incident. Counsel argued that had he been in possession of the tape in question he would have requested the prosecutor to instruct the Grand Jury with respect to the agency defense and would have demanded that the prosecutor question the confidential informant concerning his use of cocaine on March 10, 1988.

The court granted the defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (c). Upon reviewing the Grand Jury minutes as well as the subject tape recording, the court found that indeed the tape supported the defendant's claim that the confidential informant had used cocaine shortly before his involvement with the defendant on March 10, 1988. The court also found that the prosecutor failed to disclose to the Grand Jury that the confidential informant had certain charges adjourned in contemplation of dismissal in return for his cooperation in this case. Thus, the court granted the defendant's motion on the ground that the Grand Jury proceedings were defective (CPL 210.35 [5]).

The fact that the confidential informant may have been intoxicated or that he had a motive to lie are issues that merely address the witness's credibility and are collateral to the basic issue the Grand Jury must decide; that is, that there is legally sufficient evidence that a crime was committed and reasonable cause to believe that the defendant committed it (see, People v Wicks, 76 NY2d 128, 133; Matter of Vega v Bell, 47 NY2d 543, 549). Evidence of these collateral issues is not of the type that materially influences a Grand Jury investigation (see, People v Bartolomeo, 126 AD2d 375; People v Sepulveda, 122 AD2d 175). Therefore, dismissal of the indictment upon the ground that such evidence was not presented is improper.

Moreover, we note that the prosecutor did not err in failing to present to the Grand Jury the agency defense which the defendant claims the tape recording clearly established. A prosecutor has wide discretion in presenting evidence to the Grand Jury, which may include the decision not to present exculpatory material. Of course, in exercising this discretion, the prosecutor must balance the right to present the evidence against the Grand Jury's right to hear the full story (see, People v Lancaster, 69 NY2d 20, 25-26, cert denied 480 US 922; People v Townsend, 127 AD2d 505). This balance was not disturbed in the case at bar. The tape in question allegedly recorded the March 10, 1988, conversation between the confidential informant and the defendant. The confidential informant testified before the Grand Jury and, pursuant to CPL 190.50 (5) the defendant also had the right to testify. Accordingly, it cannot be said that it was the prosecutor who withheld vital information from the Grand Jury (see, People v Townsend, supra; People v Sepulveda, supra). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.