■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered July 26, 1991.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS McGILL, Also Known as FRANCIS INOSILL, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 29, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the hearsay testimony of the police witnesses bolstered the testimony of the undercover officers who witnessed the defendant's sale of narcotics to two individuals on a Queens street. Since defense counsel did not object to the challenged testimony on the specific ground that it constituted improper bolstering, the claimed error is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, any error in the admission of such bolstering testimony must be deemed harmless in light of the ample opportunity which the undercover officers had to observe the defendant during the commission of the crimes and the undercover officers' strong identification testimony *(see, People v Johnson,* 57 NY2d 969, 970-971; *People v Franklin,* 181 AD2d 790).

The defendant's claim that it was error for the court to use the phrase "reasonable certainty" in its charge on reasonable doubt is not preserved for appellate review (CPL 470.15 [2]). In any event, the single instance in which the phrase was used did not dilute the effect of the charge which repeatedly and accurately conveyed to the jury the concept of reasonable doubt *(see, People v Brown,* 167 AD2d 346). Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.