■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered July 29, 1991, convicting her of assault in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant and the defendant's boyfriend became involved in a fight outside the defendant's apartment. The complainant and an eyewitness testified that the defendant then came out of her apartment and swung a knife at the complainant, severing two of his fingers. When the defendant and her boyfriend were arrested shortly after the incident, the boyfriend told the police that he was the one who had cut the complainant. The boyfriend's statement was not presented to the Grand Jury. On appeal, the defendant contends that the prosecutor's failure to introduce the boyfriend's statement in evidence impaired the integrity of the Grand Jury proceedings. We disagree.

A prosecutor has wide discretion in presenting evidence to the Grand Jury, which may include the decision not to present exculpatory material (see, People v Kaba, 177 AD2d 506, 508). Here, the complainant and an eyewitness testified that the defendant committed the assault. This was sufficient for the People to establish a prima facie case that a crime had been committed and that the defendant had committed it. The boyfriend's statement merely raised a question of fact. Matters of credibility are collateral to the basic issue the Grand Jury must decide. Evidence with respect to collateral issues generally does not materially influence a Grand Jury investigation (see, People v Kaba, supra, at 507; People v Sepulveda, 122 AD2d 175). Here, since the victim and an eyewitness identified the defendant as the assailant, this was not an unfounded prosecution (see, People v Valles, 62 NY2d 36).

We further note that the defendant's boyfriend testified at the trial that he was the one who cut the complainant. Therefore, the defendant was able to present her defense at

the trial *(see, People v Gilliam,* 172 AD2d 1037; *People v Isla,* 96 AD2d 789).

We find no merit to the defendant's other contentions. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.