■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DEYE, True Name BRANDON HAWKINS, Appellant. [596 NYS2d 95] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered November 30, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Moskowitz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly found that the lineup was not unduly suggestive *(see, People v Rodriquez,* 124 AD2d 611), as the testimony at the *Wade* hearing shows there was no substantial likelihood of irreparable misidentification *(see, People v Adams,* 53 NY2d 241; *People v Robert,* 184 AD2d 597; *People v McClarin,* 157 AD2d 747).

Further, a presumption of suggestiveness does not arise by virtue of the posttrial loss of the defendant's lineup photograph, since the hearing and trial courts had an opportunity to view the photograph and found that the lineup was not unduly suggestive *(cf., People v Eleby,* 137 AD2d 707).

Moreover, the defendant contends that he was deprived of a fair trial because the hearsay testimony of two of the People's witnesses who did not positively identify the defendant bolstered the testimony of an eyewitness who identified the defendant in a pretrial lineup and at trial. Since the defense counsel did not object to the challenged testimony on the specific ground that it constituted improper bolstering, the claimed error is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, any error in the admission of such bolstering testimony must be deemed harmless in light of the eyewitness's strong identification testimony *(see, People v Johnson,* 57 NY2d 969, 970-971; *People v McGill,* 183 AD2d 730).

We have reviewed the defendant's remaining contentions and find that they are without merit. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.