■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL F. KELLER, Appellant. [598 NYS2d 844] —Weiss, P. J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered January 22, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree (two counts), rape in the second degree and endangering the welfare of a child.

The discovery of a number of inappropriate notes from a 41-year-old man addressed to the 11-year-old victim caused her mother to insist upon an investigation which resulted in the indictment of defendant for statutory rape and related sexual charges emanating from events at his home on the evening of June 10, 1990. The investigation included a prearranged phone call from the victim to defendant at his home made on June 15, 1990 from the City of Gloversville Police Station in Fulton County and recorded in the presence of police investigators. Following a trial at which the notes and the telephone tape recording were admitted into evidence, and the victim testified describing the sexual encounter, a jury found defendant guilty on four of the five counts charged.

On appeal, defendant contends that it was error to permit the introduction into evidence of the tape recording of the victim's telephone call to him. We disagree. Defendant's trial objection was directed solely to the adequacy of the tape recording's foundation, and absent further objections the issue was not preserved for appeal purposes (see, CPL 470.05 [2]). We conclude that County Court correctly denied the objection. Detective Thomas Lorey, who recorded the conversation, heard the victim's portion as it was being made and immediately listened to the completed tape before he secured it in the evidence locker. Lorey again listened to the tape on the day it was offered into evidence and attested to its unaltered authenticity in a clear and convincing manner (see, People v Ely, 68 NY2d 520, 527-528). Defendant's unpreserved objections to the admission of the tape into evidence lack merit.

Defendant also contends that his two-page letter to the victim, alleged to have been hand written on the day following the sexual encounter, was improperly admitted and used as evidence. Defendant had initially objected to a packet of such letters as inadmissible hearsay. Ultimately the specific letter was received without objection as evidence on the count of endangering the welfare of a child. At the end of the trial, County Court, over defendant's objection, permitted the letter to be considered as evidence on all counts. The letter specifi-

cally refers to seeing the victim the preceding day. It states that he could not put into words a lot of things because the letter might be read by others and that he would have to say them to her in person, clearly inferring an inappropriate intimacy between the two. It concludes, "There will be another time I hope and things will be the way they should."

The letter is a declaration by the accused inconsistent with his innocence and, as such, is an admission against his penal interest (see, People v Harris, 148 AD2d 469; see also, People v Bretagna, 298 NY 323, cert denied 336 US 919; Richardson, Evidence § 212 [Prince 10th ed]). It is relevant and probative of the events which transpired the previous day and the relationship between defendant and the victim (see, People v Shegog, 155 AD2d 891, 892, lv denied 75 NY2d 818; People v Harris, 122 AD2d 891, lv denied 68 NY2d 914). Finally, defendant's contention that he suffered undue prejudice because of the late ruling by County Court that the letter could be considered on all counts is sheer speculation.

We similarly find meritless defendant's claim that his trial counsel failed to present a meaningful and adequate defense. The record shows that counsel presented a cogent theory of defense and pursued a vigorous confrontation of the People's case. Viewed in totality, the record reveals that the defense provided was solid, comprehensive and meaningful (see, People v Baldi, 54 NY2d 137). While defendant points to a number of discrete trial occurrences, or nonoccurrences, which he contends were errors by his attorney, when taken in totality within the confines of the record he has failed to demonstrate either a serious error or actual prejudice (see, People v Sullivan, 153 AD2d 223, 229, lv denied 75 NY2d 925). Defendant has also failed to demonstrate both the substantive merit of the positions he now advances or the absence of strategic or other legitimate explanations for the actions of his trial counsel (see, People v Sullivan, supra).

More troublesome is the fact that we are confronted with a record which does not include a recitation or disposition of defendant's omnibus motion (see, CPL 710.60 [6]; People v Hibbler, 111 AD2d 67, 68; People v Smalls, 111 AD2d 38, 39-40 [Rosenberger, J., concurring], lv denied 65 NY2d 987). Moreover, the matter proceeded to trial without objection or comment on the unresolved status of the motion (see, People v Hibbler, supra, at 68). Defendant now complains of the lack of a determination on his motion in three respects: (1) lack of an inspection of the Grand Jury minutes, (2) failure to dismiss the indictment pursuant to CPL 210.20 and 210.25, and (3)

failure to suppress his statements. Pretrial motions should be resolved on the record prior to trial, but considering our resolution of the issues complained of the error was harmless *(see, People v Ali,* 147 AD2d 847, 848). Because defendant was convicted and the trial evidence is sufficient to support the conviction, any error as to the sufficiency of the evidence before the Grand Jury is beyond the scope of review *(see, supra,* at 848). The motion fails to support or provide any basis, factual or legal, for the conclusory and generalized request to dismiss the indictment pursuant to CPL 210.20 and 210.25. Lastly, the motion to suppress statements as it related to the recorded telephone call was subject to summary denial (CPL 710.60 [3] [b]) because there were no distinct grounds, much less sworn allegations of fact, supporting the application. Moreover, the trial record fails to suggest a cognizable basis which defendant could have used to support the motion.

Finally, we find no merit to defendant's contention that his sentence is harsh and excessive. He was sentenced to a prison term of 2 to 6 years on the rape count and a concurrent term of one year on the other counts. We do not find circumstances warranting an intervention in the interest of justice to modify County Court's determination *(see,* CPL 470.15 [6] [b]; *People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906).

Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Fulton County for further proceedings pursuant to CPL 460.50 (5).