■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WHITNEY MORRIS, Respondent. [613 NYS2d 66] —Order unanimously reversed on the law, motion to dismiss indictment denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on indictment. Memorandum: County Court erred in dismissing the indictment upon the ground that the prosecutor's failure to present exculpatory evidence rendered the Grand Jury proceeding

defective. The People have broad discretion in presenting their case to the Grand Jury and are not obligated to present all evidence in their possession that is favorable to the accused *(see, People v Mitchell,* 82 NY2d 509, 515; *People v Lancaster,* 69 NY2d 20, 25-26, *cert denied* 480 US 922). In this case, the victim testified that he was assaulted and robbed by two men and that he identified both men in separate photo arrays. A police officer testified concerning his preparation of the photo arrays and the victim's identification of defendant and his companion. The victim's hospital records were also proffered. That evidence was sufficient to establish a prima facie case that a robbery and assault had been committed and that defendant had committed those crimes. The statement of defendant's companion, made shortly after he was arrested, that he punched a person having the same name as the victim and that no one else was involved in the altercation, merely raised a question of fact. Credibility is a collateral matter that generally does not materially influence a Grand Jury investigation, and the People's failure to present the companion's statement did not render the Grand Jury proceeding defective *(see, People v Perry,* 187 AD2d 678, *lv denied* 81 NY2d 891; *People v Moore,* 132 AD2d 776, *lv denied* 70 NY2d 802). (Appeal from Order of Monroe County Court, Connell, J.— Dismiss Indictment.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.