■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT A. KROEMER, Appellant. [613 NYS2d 304] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal sale of a controlled substance in the first degree and two counts of criminal possession of a controlled substance in the first degree, all class A-1 felonies. We reject the contention of defendant that he was denied effective assistance of counsel. Defendant argues that the failure of his attorneys, who were admitted to practice law in Massachusetts, to be formally admitted pro hac vice deprived him of his right to counsel. We disagree. The failure of an out-of-State attorney formally to be admitted pro hac vice is merely a technical defect that does not serve to support a denial of the right to counsel claim *(see, People v Kieser,* 79 NY2d 936; *cf., People v Felder,* 47 NY2d 287).

Defendant further argues that he was denied effective assistance of counsel because his retained attorneys demonstrated a lack of familiarity with New York law and procedure, committed numerous tactical errors, and failed to present cogent defenses to the charges. Although counsels' representation of defendant may not have been perfect, perfection is not required *(see, People v Dietz,* 79 AD2d 476, 480). "The constitutional requirement is met so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867; *see also, People v Baldi,* 54 NY2d 137, 147; *People v Badia,* 159 AD2d 577, *lv denied* 76 NY2d 784). Appellate counsel, with the distinct advantage of hindsight, assigns fault to virtually every move made by trial counsel. "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was

afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800; *see also, People v Roldan,* 64 NY2d 821, 822). We conclude, upon our review of the record, that defendant was afforded meaningful representation. In our view, none of counsels' alleged deficiencies resulted in substantial prejudice to defendant or affected the outcome of the case *(see, People v McGee,* 161 AD2d 1034, 1035, *lv denied* 76 NY2d 895).

County Court properly allowed the People to amend the indictment to change the date of the first alleged drug sale from November 5 to November 11 or 12, 1988. The amendment did not change the theory of the prosecution *(see,* CPL 200.70), and the request was made a month before trial was to commence, giving defendant sufficient time to explore a possible alibi defense *(see, People v Robinson,* 119 AD2d 598, *lv denied* 68 NY2d 816).

Although it would have been better practice for County Court to have conducted a brief conversation with a sworn juror in the presence of the attorneys, the conversation did not rise to the level of a hearing "to determine the existence and extent of prejudice affecting the gross disqualification of a sworn juror" *(People v Darby,* 75 NY2d 449, 453-454), triggering the mandatory presence of defense counsel *(see, People v Johnson,* 189 AD2d 318, 320). Moreover, defendant did not object to the procedure used by County Court.

We have examined the remaining issue raised by defendant and find it to be lacking in merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Davis, JJ.