■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL SMOOT, Respondent. [619 NYS2d 143] —Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.) entered June 15, 1993 which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the order is reversed, on the law, and that branch of the defendant's omnibus motion which was to suppress certain physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County for further proceedings consistent herewith.

The defendant and a second individual were approached by two police officers. One officer told the defendant to "hold on", and then engaged the defendant in "small talk", while the second officer recovered what appeared to be contraband from the second individual. The second officer then conducted a search of the defendant, and recovered additional contraband and evidence. The contraband and evidence seized during the

search of the defendant have been suppressed by order of the Supreme Court, and the People have appealed.

We agree with the People that the first officer's use of the phrase "hold on", considered in light of all the other circumstances revealed in the record of the suppression hearing, constituted no more than an aspect of this officer's exercise of his common-law right of inquiry *(see, People v Reyes,* 83 NY2d 945, *cert denied* — US —, 115 S Ct 492; *People v Bora,* 83 NY2d 531). We also agree with the People that this officer had a founded suspicion that criminal activity was afoot, based on the observations which had been made by the second officer prior to the initial encounter with the defendant *(see, People v Olivo,* 189 AD2d 786; *People v Rivera,* 175 AD2d 78; *cf., People v Leveridge,* 204 AD2d 246).

We conclude that the conduct of both officers was at all times lawful. We therefore need not decide whether the taint, which the defendant claims resulted from his initial detention, was purged, prior to the occurrence of the actual search, by the fact that the second officer had independently gathered additional evidence which gave rise to probable cause *(see generally, People v Chappell,* 201 AD2d 492; *People v Salami,* 197 AD2d 715; *People v Payne,* 128 AD2d 559; *People v Medina,* 107 AD2d 302; *People v Calhoun,* 78 AD2d 658; *cf., People v Gordon,* 87 AD2d 636).

For these reasons, the order appealed from should be reversed, and that branch of the defendant's omnibus motion which was to suppress certain physical evidence should be denied. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.