■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN ORTEGA, Appellant. [625 NYS2d 574] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 6, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Zweibel, J.), of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The prosecutor acted within his discretion in declining to present an eyewitness to the crime to the Grand Jury because he reasonably believed that the witness would perjure himself *(see generally, People v Lancaster,* 69 NY2d 20, *cert denied* 480 US 922; *People v Perry,* 187 AD2d 678; *People v Kaba,* 177 AD2d 506). In any event, any defect in the Grand Jury presentation was cured when the witness testified at trial on behalf of the defendant *(see, People v Perry, supra; People v Gilliam,* 172 AD2d 1037).

The hearing court properly denied the branch of the defendant's omnibus motion which was to suppress identification testimony. The defendant failed to show a substantial likelihood of misidentification with respect to the photographic and lineup identification procedures *(see generally, People v Adams,* 53 NY2d 241; *People v Smoot,* 209 AD2d 731; *People v Deye,* 192 AD2d 547).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). The jury's determination in this case is supported by the record.

We have reviewed the defendant's remaining contentions and find that they are without merit or that they do not warrant reversal. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.