■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUMO DILLARD, Respondent. [627 NYS2d 184] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in dismissing the indictment. The surviving victim testified before the Grand Jury that he and his cousin were shot by a man whom he had identified at the preliminary hearing as defendant. A witness to the shooting also testified that defendant was the perpetrator. The People presented the records of the medical examiner showing that the surviving victim's cousin died from a gunshot wound to the chest. That evidence, viewed in the light most favorable to the People, is legally sufficient to support the indictment *(see, People v Jennings,* 69 NY2d 103, 114-116; *People v Deegan,* 69 NY2d 976, 978-979). The prosecutor's failure to present exculpatory evidence that the surviving victim had not identified defendant from a photographic array and that the witness had recanted his earlier statement that defendant was the perpetrator does not render the Grand Jury proceeding defective *(see, People v Morris,* 204 AD2d 973, *lv denied* 83 NY2d 1005; *see also, People v Mitchell,* 82 NY2d 509, 515). Such evidence merely relates to credibility, a collateral issue that generally does not materially influence a Grand Jury investigation *(see, People v Perry,* 187 AD2d 678, *lv denied* 81 NY2d 891; *People v Kaba,* 177 AD2d 506, 508, *lv denied* 79 NY2d 859). (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.