■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TOLLIVER, Also Known as GERALD ANTHONY KING, Appellant. [630 NYS2d 181] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. Defendant contends that the failure of the prosecutor to inform the Grand Jury that a prosecution witness had made a deal in exchange for favorable treatment impaired the integrity of the Grand Jury proceedings. That contention lacks merit. The People "maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (People v Mitchell, 82 NY2d 509, 515). The prosecutor need not present all evidence relevant to the credibility of witnesses because "[c]redibility is a collateral matter that generally does not materially influence a Grand Jury investigation" (People v Morris, 204 AD2d 973, 974, lv denied 83 NY2d 1005; see also, People v Dillard, 214 AD2d 1028; People v Perry, 187 AD2d 678, lv denied 81 NY2d 891).

Although defendant appeared briefly in the courtroom in jail clothing during jury selection, the record does not support the contention of defendant that he was prejudiced thereby (see, People v Reid, 137 AD2d 844, 845, lv denied 71 NY2d 901; cf., People v Roman, 35 NY2d 978, 979). County Court stated on

the record that there was "no sign" that defendant was dressed in jail clothing. The court described defendant as being dressed in a "clean, blue type sport shirt". Defense counsel did not contradict the court's description, nor is there any other evidence in the record that casts doubt on the court's description. Defendant's present reliance upon evidence outside the record to contradict the court's description is improper.

Defendant was afforded effective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 187; *People v Kroemer*, 204 AD2d 1017, *lv denied* 84 NY2d 828, 1012). None of the alleged deficiencies of counsel resulted in substantial prejudice to defendant (*see, People v Kroemer, supra*, at 1018). Reversal is not required as a result of prosecutorial misconduct. The prosecutor's comments on summation of which defendant complains constituted, for the most part, either fair comment on the evidence or fair response to defense contentions (*see, People v Howard*, 195 AD2d 1082, 1083, *lv denied* 82 NY2d 755; *People v Maisonet*, 172 AD2d 274, *lv denied* 78 NY2d 969). To the extent that some of the prosecutor's remarks were improper, they were not so egregious as to require reversal (*see, People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031).

The conviction is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We decline to modify defendant's sentence as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [b]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.