■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROSCHEEM GRAY and DUANE K. DIXON, Respondents. [728 NYS2d 513] —Peters, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered March 1, 2000, which, upon renewal, granted defendants' motions to dismiss the indictment.

Shortly before 4:00 A.M. on October 17, 1999, Tommas Lifgren left a bar in the Town of Catskill, Greene County, with defendants and traveled to the Town of Greenport, Columbia County, purportedly to complete a narcotics transaction. Defendant Duane K. Dixon operated the vehicle in which Lifgren was a passenger and defendant Roscheem Gray was seated behind him. After crossing the Rip Van Winkle Bridge, the vehicle came to a stop in front of a house. Lifgren suffered a blow to the back of his head, stumbled out of the vehicle and saw Gray trying to strike him with a gun. He ran towards the back of the house and suffered two gunshot wounds. Defendants pursued him, continued the assault and thereafter left by car.

Lifgren, well acquainted with defendants, described the events to the police and both were thereafter indicted for assault in the second degree. Pretrial motions, including motions to dismiss the indictment based upon the legal sufficiency of the evidence, were denied by County Court. Their counsel sought to renew the motions, additionally asserting a Brady violation based upon the People's failure to timely provide them with the statements and notes obtained by police authorities from Serena Phillips and Charnita Carlisle, individuals subsequently identified by Dixon as his alibi witnesses.

After reviewing these materials, County Court concluded that they were exculpatory and directed that they be provided; it rejected the People's assertion that because both witnesses had been named by Dixon, disclosure was not required since both defendants had access to this information. In a subsequent decision, County Court dismissed the indictments, concluding that since the witnesses' statements were exculpatory, the prosecution was obligated to present evidence of them to the Grand Jury or at least apprize it of their existence. Notably, while these statements concerned only the activities of Dixon, the court concluded that the presentation of the case against Gray was so intertwined with that of Dixon that the impact of the exculpatory evidence required dismissal of both. The People appeal.

The primary function of the Grand Jury is to investigate and

determine whether sufficient evidence exists to accuse an individual of a crime and subject that individual to criminal prosecution (*see, People v Calbud, Inc.*, 49 NY2d 389, 394). Exculpatory and mitigating defenses are treated differently since a determination as to whether a particular defense should be charged depends upon its potential for eliminating an unfounded or needless prosecution (*see, People v Valles*, 62 NY2d 36, 38).

As noted by the Court of Appeals in *People v Lancaster* (69 NY2d 20, *cert denied* 480 US 922): "The People generally enjoy wide discretion in presenting their case to the Grand Jury * * * and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused * * * even though such information undeniably would allow the Grand Jury to make a more informed determination" (*id.*, at 25-26 [citations omitted]). Often, exculpatory evidence is brought to the attention of the Grand Jury either by the testimony of a defendant or through a request that certain witness testimony be heard. Here, neither Gray nor Dixon testified. However, Gray, through counsel, did make a written request that the Grand Jury hear the testimony of the proprietor of a night club who he believed would provide evidence that he was not present at the scene of the crime on the day and time alleged. The Grand Jury chose not to hear this witness. Notably, no written requests for witness testimony were made by Dixon.

Clearly, the victim's testimony before the Grand Jury established a prima facie case that a crime had been committed and that both Gray and Dixon committed it. As requested, the prosecutor did advise the Grand Jury of the proposed testimony of one witness who could potentially exculpate Gray. As to Dixon, however, we cannot conclude that the prosecution was obligated to present the testimony of Phillips or Carlisle or apprize the Grand Jury of their statements when no request for such testimony was made by Dixon. The information that they provided to police authorities, while favorable to Dixon, would not have eliminated a "needless or unfounded prosecution" (*People v Valles*, 62 NY2d 36, 38, *supra*), but rather would have "merely raised a question of fact" (*People v Perry*, 187 AD2d 678, *lv denied* 81 NY2d 891; *see, People v Kaba*, 177 AD2d 506, *lv denied* 79 NY2d 859).

Concerning the purported *Brady* violation, inasmuch as Dixon listed Phillips and Carlisle as his alibi witnesses, it can be presumed that the defense was aware of their statements. For this reason, we do not find a *Brady* violation (*see, People v*

*Quinones*, 228 AD2d 796; *see also, People v Medina*, 208 AD2d 974, *lv denied* 84 NY2d 1035; *People v Gardner*, 162 AD2d 466).

As the prosecutor did not withhold vital information from the Grand Jury, we reverse the order of County Court and reinstate the indictment.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, motions denied and indictment reinstated.