■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN HAYES, Appellant. [831 NYS2d 80]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Tomei, J.), rendered May 15, 2003, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The Supreme Court providently exercised its discretion in limiting the defendant's cross-examination of a witness concerning potential third-party culpability. The defense counsel's offer of proof concerning that other person's purported participation was speculative, and the evidence he sought to elicit was "too . . . conjectural to have any legitimate influence in determining the fact in issue" (*People v Martinez,* 177 AD2d 600, 601 [1991]; *see People v McGlothin,* 6 AD3d 462, 463 [2004]).

The defendant failed to preserve for appellate review his claim of prosecutorial misconduct (*see People v Balls,* 69 NY2d 641 [1986]). In any event, there was no prosecutorial misconduct (*see People v Gray,* 284 AD2d 664, 665 [2001]; *cf. People v Hill,* 5 NY3d 772, 773 [2005]). Moreover, to the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Aguirre,* 304 AD2d 771 [2003]). To the extent that the defendant's claim of ineffective assistance of counsel can be reviewed, the defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Villacreses,* 12 AD3d 624, 626 [2004]). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.