■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WILLIAMS, Appellant. — Judgment of the County Court, Nassau County, rendered January 27, 1967, reversed, on the law and in the interests of justice, and new trial granted. The findings of fact below are affirmed. In our opinion, in view of the closely balanced issue of identification herein, the following errors were prejudicial and require a new trial: (a) The trial court charged, in answer to a juror's question, that entry through an open window could constitute a "breaking" under the burglary statutes. This error was particularly significant since there was evidence that windows in the premises in question were open. (b) A police officer was permitted to testify as to a previous identification of defendant by a complainant (see, *People* v. *Hoban,* 28 A D 2d 562). The error was compounded by the allusion to this testimony in the prosecutor's summation. (c) A police officer was permitted to make a conclusory statement describing defendant's behavior when he was walking rapidly down the street to the effect that he looked "like he wanted to get away from some place". This error was compounded by the trial court's specific approval of the statement in response to defendant's motion to strike and by an allusion to it in the prosecutor's summation. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERMAN LOPEZ, Appellant, v. WARDEN OF QUEENS HOUSE OF DETENTION FOR MEN, Respondent. — In a habeas corpus proceeding, judgment of the Supreme Court, Queens County, dated April 19, 1967, which dismissed the writ affirmed, without costs. Relator having been indicted on February 27, 1967 for the same crime involved in the earlier preliminary hearing, the question of error in said hearing is rendered moot (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258; *People ex rel. Watkins* v. *Lindsay,* 28 A D 2d 859). Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.