■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD HOLMES, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated January 28, 1985, which dismissed the indictment.

Order reversed, on the law, motion denied, and indictment reinstated.

By indictment No. 6287/84, the defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree. It is alleged that on October 12, 1984, the defendant became involved in an argument between Keith Powell and a third person. A fight erupted during which there was a struggle for a gun. While the defendant was holding Keith Powell around the waist, the third person, who had gained possession of the weapon, placed it against Powell's chest and fired twice. Both then fled the scene.

An eyewitness to the event testified before the Grand Jury on December 4, 1984, after having given a statement to the prosecutor on November 26, 1984. Upon the defendant's motion to inspect the Grand Jury minutes and to dismiss the indictment pursuant to CPL article 210, the prosecutor inad-

vertently handed to the court, in addition to such minutes, a copy of the eyewitness' prior statement which had not been presented to the Grand Jury. The court, after noting certain inconsistencies between the statement and the Grand Jury testimony, determined that the failure to present the prior statement necessitated the dismissal of the indictment.

A prosecutor has wide discretion in presenting evidence to establish a prima facie case and we do not find that information was withheld which would have materially influenced the Grand Jury *(see, People v Thompson,* 108 AD2d 942). The dismissal of the indictment upon such ground, *sua sponte,* was therefore improper.

Further, a review of the record reveals that the indictment could not have been dismissed on the ground that there was legally insufficient evidence before the Grand Jury. Pursuant to CPL 210.20 (1) (b), a court may dismiss an indictment upon the ground that: "The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense".

As stated in *People v Deitsch* (97 AD2d 327, 329): "The evidence before a Grand Jury is legally sufficient if there is competent evidence, which, if accepted as true, establishes every element of the offense charged or a lesser included offense and the defendant's commission thereof (CPL 70.10; see *People v Haney,* 30 NY2d 328; *People v Mayo,* 36 NY2d 1002; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573). Thus, it has been stated that 'the evidence [before the Grand Jury] must be viewed in the light most favorable to the People, and it may be legally sufficient "although it does not even provide 'reasonable cause' to believe that the defendant committed the crime charged" (Denzer, Practice Commentary, McKinney's Cons Law of NY, Book 11A, CPL 70.10, p 348)' *(People v Warner-Lambert Co.,* 51 NY2d 295, 299, cert den *sub nom. New York v Warner-Lambert Co.,* 450 US 1031). The motion should be granted only upon a clear showing of insufficiency, with the burden of proof resting on the defendant *(People v Howell,* 3 NY2d 672, 675)". The criminal liability of the defendant herein was premised upon his acting in concert with the actual shooter. Pursuant to Penal Law § 20.00, a person is criminally liable for the conduct of another when "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct".

While the defendant did not personally have possession of

the gun, he was intricately involved in the struggle therefor and it could reasonably be found, pursuant to the standards set forth above, that he aided the actual shooter in the latter's use of the gun unlawfully against the victim. In view of the foregoing, the order dismissing the indictment is reversed and the indictment is reinstated. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.