■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOMINICK MARTUCCI, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Namm, J.), dated June 30, 1988, which dismissed Suffolk County indictment No. 155/88 with leave to resubmit the charges to another Grand Jury.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

By indictment No. 155/88, the respondent was indicted by a Suffolk County Grand Jury for rape in the first degree, rape in the second degree, sexual abuse in the first degree (three counts) and sexual abuse in the second degree (three counts). The respondent proposed that two witnesses testify before the Grand Jury. The prosecutor interviewed these witnesses at the time the charges were presented to the Grand Jury,

concluded that their proposed testimony was irrelevant, and therefore limited the scope of their testimony. The proposed testimony by the respondent's wife which was excluded by the prosecutor concerned the family background of the victim, who was her niece. The other witness, a friend of the victim, had indicated to the prosecutor that she thought that the victim was "fantasizing", but that testimony was also excluded. The County Court, Suffolk County, granted the respondent's motion to dismiss the indictment, holding that the testimony of the two defense witnesses concerning their knowledge of the victim's background had a bearing on her credibility and should have been presented to the Grand Jury. We disagree.

It is well settled that, except to the limited extent that CPL 190.50 (6) allows a defendant the right to testify or the right to request that certain witnesses be presented to the Grand Jury, a Grand Jury proceeding is not adversarial in nature *(see, People v Brewster,* 63 NY2d 419, 422). Rather, the primary purpose of the Grand Jury is to determine whether sufficient evidence exists to accuse a person of a crime and to commence criminal proceedings against him *(see, People v Calbud, Inc.,* 49 NY2d 389, 394). Subject to a duty of fair dealing *(see, People v Pelchat,* 62 NY2d 97, 105), the People enjoy wide discretion in presenting their case to the Grand Jury *(see, People v Lancaster,* 69 NY2d 20, 25).

In this case, the prosecutor properly exercised her discretion in limiting the testimony of the two witnesses designated by the respondent. A review of the record reveals that the proposed testimony was not substantively exculpatory, but pertained solely to the background and character of the victim and thus was collateral to the crucial question of whether there was legally sufficient evidence, which, if unexplained and uncontradicted, would warrant conviction *(see, People v Shapiro,* 117 AD2d 688, 689). Moreover, the proposed testimony was not of such a nature that it would have had a material influence upon the Grand Jury; rather, the proposed testimony involved factors bearing upon credibility, which testimony, if competent, is best presented to a petit jury *(see, People v Suarez,* 122 AD2d 861, 862).

Accordingly, the indictment was not rendered defective as a result of the limitation on the testimony of the respondent's witnesses. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.