OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who is charged with the crimes of robbery, first degree, and petit larceny, to dismiss the indictment pursuant to CPL 210.20 (1) (c), upon the ground that the Grand Jury proceeding was defective in eight respects.
The first seven allegations of improper conduct on the part of the prosecutor may be summarily disposed of as follows:
*792 (1) The brief hiatus in the defendant’s testimony to obtain a ruling from the presiding Judge was not unlawful (see, People v Doe, 151 Misc 2d 829). (2) The defendant by testifying subjected himself to impeachment on his past illegal conduct (see, People v Thompson, 116 AD2d 377). (3) The Grand Jury was made aware that the defendant requested that witnesses be called (see, People v McCullough, 141 AD2d 856). (4) The Grand Jury need not be informed of the prior inconsistent statement of a prosecution witness (see, People v Holmes, 118 AD2d 869). (5) The defendant was able to testify essentially to the same information as the nonreceived map (see, People v Leon, 148 AD2d 752; People v Lloyde, 106 AD2d 405). (6) The Grand Jury need not be informed of material which would impeach a prosecution witness (see, People v Martucci, 153 AD2d 866). (7) The prosecutor properly interrupted the defendant to preclude hearsay or irrelevant testimony (see, People v Karp, 76 NY2d 1006; People v Martucci, supra).
The defendant’s eighth allegation — that the prosecutor improperly failed to call a witness requested by the Grand Jury —is more persuasive.
There was testimony that the robbery occurred on March 11, 1991, at 12:37 p.m. The defendant testified that he was shoveling snow in his driveway and sidewalk from 12:40 p.m. until 1:35 p.m., and that a neighbor observed this activity. The Grand Jury voted that the neighbor and also two other witnesses be called to testify before it and so informed the prosecutor. The defendant’s attorney at the request of the prosecutor furnished the name of the neighbor, but the neighbor was not called as a witness despite the Grand Jury’s direction. The prosecutor explained to the Grand Jury that the neighbor could not be called because the defendant’s testimony that the neighbor saw him shoveling snow was hearsay.[1]
The testimony of the defendant that the neighbor saw him shoveling snow at the time of the robbery was not hearsay. The defendant did not testify that the neighbor had told him that she had seen him shoveling snow (see, Testa v Federated Dept. Stores, 118 AD2d 696).[2] Such testimony was objectional, *793 however, since it described the state of mind of a third party (see, People v Malizia, 92 AD2d 154, 160, affd 62 NY2d 755; People v Acomb, 87 AD2d l;[3] People v Williams, 29 AD2d 780).[4] Irrespective of any valid objection to this testimony of the defendant, the neighbor could have testified that she did in fact so observe the defendant and thereby support his alibi defense (see, People v Oakes, 168 AD2d 984).
CPL 210.20 (1) provides that
"After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment * * * upon the ground that * * *
"(c) The Grand Jury proceeding was defective, within the meaning of section 210.35”.
CPL 210.35 provides that
"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *
"5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
CPL 190.50 (3) provides that "The grand jury may cause to be called as a witness any person believed by it to possess relevant information or knowledge. If the grand jury desires to hear any such witness who was not called by the people, it may direct the district attorney to issue and serve a subpoena upon such witness, and the district attorney must comply with such direction. At any time after such a direction * * * the people may apply to the court * * * for an order vacating * * * such direction * * * on the ground that such is in the public interest.”
Here, the Grand Jury directed the prosecutor to call the neighbor to testify before it as a witness (see, Matter of Dwyer v Wilcox, 92 AD2d 646; People v Doe, 148 Misc 2d 286); the prosecutor in essence declined to comply for an inaccurate evidentiary reason (see, People v McCullough, supra); and the prosecutor likewise failed to apply to the court for an order vacating the Grand Jury’s direction (see, Matter of Benjamin *794 S., 83 AD2d 630, revd on other grounds 55 NY2d 116). Under these circumstances, CPL 190.50 (3) has obviously been violated by the prosecutor.
However, a violation of CPL 190.50 (3), standing alone, does not entitle the defendant to a dismissal of the indictment, and a dismissal will be warranted only upon the additional showing of the possibility of prejudice (People v Collins, 154 AD2d 901; People v Caruso, 125 AD2d 403; People v Percy, 45 AD2d 284, affd 38 NY2d 806; People v De Ruggiero, 96 Misc 2d 458, affd 77 AD2d 821).[5] The test for determining in what situations the prosecutor is obligated to present exculpatory evidence to the Grand Jury is whether such evidence might materially influence the Grand Jury’s investigation (People v Martucci, supra; People v Bartolomeo, 126 AD2d 375; People v Sepulveda, 122 AD2d 175; People v Monroe, 125 Misc 2d 550).[6] That test is applicable to this violation.
The case law in analogous situations suggests that the failure of the prosecutor to comply with the Grand Jury’s direction for the production of alibi testimony satisfies this criterion.
People v Sepulveda (supra) did not dismiss the indictment where the prosecutor did not inform the Grand Jury of alibi testimony adduced at a prior trial, because the defendant waived his right by not requesting the Grand Jury to call his alibi witnesses. People v Friedman (97 AD2d 738) did not dismiss the indictment where the prosecutor became aware of the defendant’s alibi witnesses for the first time at trial, because there was no prosecutorial misconduct in the initial Grand Jury submission. These cases demonstrate that the prosecutor must arrange for alibi witnesses to be produced before the Grand Jury when requested by the defendant; an identical request by the Grand Jury should not be treated any differently. People v Rubin (77 AD2d 578) dispelled any doubt as to the prosecutor’s responsibility in this instance by dismissing the indictment because the prosecutor ignored the specific request of a grand juror to introduce the defendant’s partially exculpatory statement.
People v McCullough (141 AD2d 856, supra) does not man *795 date a different result. There, the indictment was sustained, although the prosecutor refused to produce two witnesses requested by the Grand Jury. The appellate Court applied the same standard and held that the absence of the witnesses would not have changed the Grand Jury’s decision to indict. That Court reasoned that one witness’ testimony would have been damaging to the defendant and the second witness was never found. This is definitely not the situation in this case.
In conclusion, the neighbor’s testimony, if it corroborated the defendant’s claim that he was shoveling snow at his residence at the time of the robbery, could possibly have induced a no bill. Thus, this statutory violation resulted in the possibility of prejudice to the defendant in that it withheld from the Grand Jury evidence which might have influenced that body’s decision.[7]
Accordingly, the application of the defendant to dismiss the indictment is granted, with leave to the People to re-present the matter to a Grand Jury.

. The defendant testified "One neighbor, she seen I was shoveling the driveway, but she didn’t want to get involved”.

. Hearsay where plaintiff testified that one Eleanor Brodie had told him that she had witnessed the altercation between, the plaintiff and the store’s security employees.

. Testimony of witness that victim "looked around” for the defendant (along with other testimony) was inadmissible, although ruling was not on that ground.

. Testimony of witness that defendant looked "like he wanted to get away from some place” was inadmissible although ruling was not on that ground.

. This is consistent with the language "may * * * dismiss” in CPL 210.20 (1). Contrast this with the term "must be dismissed” in CPL 190.50 (5) (c).

. Although not always so specified, these cases had their geneses as claimed violations of CPL article 190, the underlying article in this case, so the comparison is appropriate.

. In fact, one grand juror stated in this regard, "If this neighbor could establish that he was in fact there while the robbery occurred, that could influence the vote here a whole bunch”.