◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN SCRUGGS, Appellant. [607 NYS2d 410] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered September 18, 1990, convicting him of reckless endangerment in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

vacating the sentence imposed upon the conviction of reckless endangerment in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

The defendant was convicted of assault in the second degree and reckless endangerment in the first degree after he repeatedly rammed a car he was driving into the complainant's car, driving it off the road, and then beat her when she subsequently attempted to escape.

The defendant argues that the People's failure to present certain exculpatory evidence to the Grand Jury requires a vacatur of his judgment of conviction and dismissal of the indictment. However, in general, "the People maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" *(People v Mitchell,* 82 NY2d 509, 515; *People v Lancaster,* 69 NY2d 20, *cert denied* 480 US 922). Here, contrary to the defendant's assertions on appeal, the evidence in question, which went mainly to the credibility of the complainant, would not have "materially" influenced the Grand Jury's investigation, and the People, therefore, were under no obligation to present it *(see, People v Suarez,* 122 AD2d 861; *People v Holmes,* 118 AD2d 869; *People v Thompson,* 108 AD2d 942; *People v Monroe,* 125 Misc 2d 550; *People v Filis,* 87 Misc 2d 1067).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The court's comments concerning reasonable doubt during voir dire were not erroneous *(see,* 1 CJI[NY] 6.20) and the court did not err in *sua sponte* dismissing a juror who stated that he would not follow the court's instructions as given *(see, People v Decker,* 157 NY 186; *People v Torres,* 164 AD2d 923; *People v Little,* 57 Misc 2d 1059).

However, the defendant is correct that he must be resentenced on the conviction for reckless endangerment in the first degree because he was erroneously sentenced on this offense as a persistent violent felony offender. Pursuant to Penal Law § 70.08, a persistent violent felony offender "is a person who *stands convicted of a violent felony offense* * * * after having previously been subjected to two or more predicate violent felony convictions" (Penal Law § 70.08 [1] [a] [emphasis added]). Here, although the defendant admitted at sentencing that he had been convicted of the requisite two prior violent felony offenses, the crime on which he was being sentenced, reckless endangerment in the first degree, is not a *violent* felony offense (see, Penal Law § 120.25). Since, as to that charge, the defendant was not "stand[ing]" before the court convicted of a violent felony offense, the matter must be remitted to the trial court for resentencing on the conviction of reckless endangerment.

The sentence imposed upon the assault conviction was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.