■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL RAMJIT, JOE RAMJIT, and TONY RAMJIT, Respondents. [612 NYS2d 600] —Appeal by the People from an order of the Supreme Court, Queens County (Thomas, J.), dated November

18, 1992, which granted those branches of the omnibus motions of the defendants Joe and Carl Ramjit which are to dismiss the indictment and, *sua sponte,* dismissed the indictment as against Tony Ramjit.

Ordered that the order is reversed, on the law, those branches of the defendants' omnibus motions which are to dismiss the indictment are denied and the indictment is reinstated as against all three defendants.

Carl Ramjit was indicted for, *inter alia,* rape in the first degree and sodomy in the first degree. His two sons, co-defendants Tony and Joe Ramjit, were charged in the same indictment with intimidating and harassing the victim, whom they allegedly telephoned and threatened to kill after their father had been arrested.

Prior to trial, Carl and Joe Ramjit moved to dismiss the indictment. The Supreme Court granted their motions on the grounds, *inter alia,* that the charges against Carl Ramjit and his sons were impermissibly joined in the same indictment and that the People had improperly failed to alert the Grand Jury to the existence of allegedly exculpatory evidence in their possession.

With regard to the latter basis for dismissal, the record demonstrates that before the case was presented to the Grand Jury, counsel for Carl Ramjit gave the prosecutor the names of certain witnesses whose testimony he claimed would establish that Ramjit had not committed the crime. After conducting two separate investigations, the prosecutor concluded that defense counsel's representations concerning the exculpatory nature of the proposed testimony could not be confirmed and that she would not present the evidence to the Grand Jury. However, the prosecutor informed Carl Ramjit's counsel that Ramjit and his witnesses would be given the opportunity to testify before the Grand Jury. Ramjit's counsel declined the prosecutor's offer and indicated that he would call the witnesses at trial.

We conclude that the Supreme Court erred in dismissing the indictment. Significantly, "the People maintain broad discretion in presenting their case to the Grand Jury and need not seek [out] evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" *(People v Mitchell,* 82 NY2d 509, 515; *People v Lancaster,* 69 NY2d 20, 26, *cert denied* 480 US 922; *People v Kaba,* 177 AD2d 506, 508). Moreover, "[i]n the ordinary case, it is the defendant who, through the exercise of his own right to testify and have

others called to testify on his behalf before the Grand Jury (CPL 190.50 [5], [6]), brings exculpatory evidence [before] the Grand Jury" *(People v Lancaster, supra,* at 26). The Court of Appeals has observed that not every complete defense suggested by the evidence need be charged to the Grand Jury. The test is the potential of the defense in question to eliminate a "needless or unfounded prosecution" *(People v Lancaster, supra,* 69 NY2d, at 27).

Here, the allegedly exculpatory evidence neither implicated a complete legal defense nor was of such quality as to create the potential to eliminate a "needless or unfounded prosecution" *(People v Lancaster, supra,* at 27; *People v Valles,* 62 NY2d 36, 38). Rather, the evidence bore principally upon the victim's credibility and, as such, was more appropriately reserved for presentation to the petit jury than to the Grand Jury *(see, People v Martucci,* 153 AD2d 866, 867; *People v Suarez,* 122 AD2d 861, 862). Moreover, we note that Carl Ramjit failed to exercise his right to "bring exculpatory evidence to the Grand Jury's attention by [his] own testimony or that of others testifying on [his] behalf" *(People v Mitchell, supra,* 82 NY2d, at 515).

The People were not required to accept defense counsel's representations concerning the allegedly exculpatory evidence at face value and to present it to the Grand Jury without inquiring into its veracity. Upon conducting their investigation and upon concluding that defense counsel's representations could not be confirmed, the People permissibly exercised their "broad discretion" by declining to present the evidence to the Grand Jury *(People v Mitchell, supra,* at 515; *People v Lancaster, supra,* 69 NY2d, at 25-26; *People v Kaba,* 177 AD2d 506, *supra).*

Lastly, the Supreme Court erred in concluding that the charges against Carl Ramjit were improperly joined with those against his two sons alleging, *inter alia,* witness intimidation. The record establishes that the crimes committed by Carl Ramjit and his sons were so closely connected and related with regard to the time and circumstances of their commission as to constitute a single criminal transaction *(see,* CPL 200.40 [1] [b], [c]; 40.10 [2] [b]; *cf., People v Castillo,* 178 AD2d 113, 115). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.