*341 OPINION OF THE COURT
Carol Berkman, J.
Defendant, charged with grand larceny in the fourth degree (Penal Law § 155.30 [1], [5]) and fraudulent accosting (Penal Law § 165.30 [1]), has moved for inspection of the Grand Jury minutes and dismissal of the indictment.
Although one of the People’s witnesses before the Grand Jury, Police Officer George Nova, was under investigation for police corruption and has since been convicted, the important testimony all came from a civilian witness. The failure to inform the Grand Jury of Nova’s dubious credibility did not under these circumstances materially influence the investigation. The indictment is sustained.
The untainted evidence before the Grand Jury reveals that on February 24, 1994, at approximately 4:23 p.m., Joel Witaker was standing on the corner of 145th Street and Saint Nicholas Avenue when Eric Vines* asked him for directions. Witaker was trying to help when a slim, older man, the defendant, Johnnie Mason, approached. In the course of the conversation, Witaker told the two men he needed to cash a large check and they offered to drive him to a check cashing establishment. After Witaker cashed the check, Vines and defendant convinced him to hold a bag of "money” for them for "safekeeping” and advised Witaker that it would be best if he also placed his own money (over $1,000 according to Witaker) in the bag. When Witaker hesitated, Vines removed money from Witaker’s pockets and placed it in the bag. Defendant reassured Witaker that everything would be all right. Still uncomfortable, Witaker left the car in which he had been riding with defendant and the other man. He then opened the bag and discovered that the wad of money defendant Mason had placed in the bag was actually a wad of newspaper and that Witaker’s own money also was not in the bag. Witaker reported the incident to the police and identified defendant and his companion as the perpetrators in a showup conducted a short time later.
Police Officer George Nova, then of the 34th Precinct, was the arresting officer in the case. Nova testified as an expert regarding the general manner in which con games are conducted and also described the circumstances of defendant’s *342 arrest, the recovery of $700 from his person and inculpatory statements made by him.
The Grand Jury was instructed on the elements of the crimes charged but was never informed that Officer Nova was under investigation for misconduct relating to his police duties. Nova has subsequently been convicted of a crime based on that misconduct.
To obtain an indictment, the evidence before the Grand Jury must be legally sufficient to establish that the person committed the offense. It is also incumbent upon the District Attorney, as a public officer, to act fairly in presenting a case to the Grand Jury. (People v Russo, 128 Misc 2d 876; People v Monroe, 125 Misc 2d 550.) Nonetheless, the People are not obligated to present to the Grand Jury every piece of evidence which they possess against a suspect. Nor are the People required to reveal every matter which may have some tendency to reflect upon the credibility of a witness appearing before the Grand Jury. (People v Suarez, 122 AD2d 861.) An indictment need not be dismissed unless the prosecutor withheld information from the Grand Jury which would have materially influenced its investigation (People v Holmes, 118 AD2d 869), or permits an indictment to stand based on testimony he knows to be perjurious. (People v Pelchat, 62 NY2d 97.)
Here, the complainant testified fully as to the nature of the scam by which he was duped and identified defendant as one of the people who perpetrated it. Thus, the Grand Jury had ample evidence before it to indict defendant for grand larceny and fraudulent accosting. While it may have been preferable for the People to have omitted Officer Nova’s testimony as to defendant’s admissions and the recovery of evidence from him, defendant does not claim that an adverse assessment of Officer Nova’s credibility by the Grand Jury would have materially influenced its actions in the instant case.
The untainted evidence is sufficient to sustain the indictment. Nonetheless, the People may be advised to investigate the discrepancy between the sum of money the complainant said was taken from him (over $1,000) and that purportedly recovered by Nova’s partner ($700).

 Nova’s testimony was technically required to establish the identifications.