■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN LANDTISER and RANDALL CLOWERS, Respondents. [635

NYS2d 644] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated November 15, 1994, which granted the defendants' motions to dismiss the indictment.

Ordered that the order is reversed, on the law, the defendants' motions are denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

Pursuant to Queens County Indictment No. 5341/93, the defendants John Landtiser and Randall Clowers were charged with two counts of kidnapping in the second degree and two counts of endangering the welfare of a child. The indictment arose from an October 12, 1993, incident in which the defendants assisted Nissan Shapira in physically removing Shapira's two children from the custody of their mother, Shapira's estranged wife, Susan Shapira. Nissan Shapira was arrested in Canada where he was attempting to get a flight to Israel with the children. The defendants were later arrested in Los Angeles and, after waiving extradition, were returned to New York where they testified before the Grand Jury. The defendants subsequently moved to dismiss the indictment on the ground that prosecutorial misconduct had rendered the Grand Jury proceedings defective. The Supreme Court agreed and dismissed the indictment on the following grounds: (1) that the People had failed to disclose an agreement between the District Attorney's office and Nissan Shapira, (2) that the People had failed to disclose a prior inconsistent statement by Susan Shapira, (3) that the People's instruction on kidnapping was erroneous, and (4) that the People's cross-examination of the defendants was outrageous.

CPL 210.20 (1) (c) provides: "After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * * [t]he grand jury proceeding was defective, within the meaning of section 210.35". CPL 210.35 (5) provides that: "A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * * [t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result".

The Court of Appeals has noted that the statutory test is a demanding one and "does not turn on mere flaw, error or skewing. The statutory test is very precise and very high: 'impairment of integrity' of the Grand Jury process" (People v Darby, 75 NY2d 449, 455). Dismissal of an indictment under CPL

210.35 (5) is an "exceptional" remedy *(see, People v Darby, supra,* at 455).

We agree with the People's argument that the failure to disclose the agreement with Nissan Shapira is insufficient to warrant dismissal of the indictment. It is well settled that "[u]nless a prosecutor withholds evidence which would materially influence the Grand Jury investigation, the proceedings will not be invalidated" *(People v Bartolomeo,* 126 AD2d 375, 395; *see also, People v Tolliver,* 217 AD2d 978).

Here, where both defendants freely admitted to the Grand Jury that they literally picked the children up, placed them in a van and drove off, all the while preventing the mother from stopping them, it cannot be said that the omission of the agreement materially influenced the investigation. Similarly, the failure to disclose a prior inconsistent statement by Susan Shapira will not justify dismissal of the indictment since it merely touched upon a collateral issue and was not essential to the basic issue of whether or not there was reasonable cause to believe that a crime had been committed *(see, People v Kaba,* 177 AD2d 506; *People v Suarez,* 122 AD2d 861).

Although the prosecutor's cross-examination of the defendants may have been inappropriate at times, it is clear from the record that it neither impaired the integrity of the proceedings nor prejudiced the defendants. Finally, since the affirmative defense to kidnapping set forth in Penal Law § 135.30 applies only to a "relative of the person abducted", the prosecutor properly limited her instruction on this defense to Nissan Shapira, the children's father. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.