■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADRIANO CESAR, Respondent. [640 NYS2d 63] —Order, Supreme Court, Bronx County (Irene Duffy, J.), entered June 8, 1994, which dismissed those counts in an indictment which contained an element of scienter in connection with aggregate weight, unanimously reversed, on the law, the second and third counts in the indictment, charging criminal possession of a controlled substance in the third and fourth degrees, are reinstated, and the matter is remitted to the Supreme Court for further proceedings consistent herewith.

The District Attorney's instructions to the Grand Jury, which tracked the relevant statutory language of Penal Law

§§ 220.16 (third degree criminal possession of a controlled substance) and 220.09 (fourth degree criminal possession of a controlled substance), were sufficient to enable that body to determine whether there was legally sufficient evidence to establish the material elements of both of these crimes (CPL 190.30 [7]; *People v Dillon*, 207 AD2d 793, *affd* 87 NY2d 885). A Grand Jury need not be charged with the same degree of precision as a petit jury (*People v Valles*, 62 NY2d 36, 38; *People v Calbud, Inc.*, 49 NY2d 389, 394). Specifically, the prosecutor's omission here to apprise the Grand Jury that the evidence must show that the defendant knew that he possessed the requisite weights of the controlled substance (*see, People v Gray*, 86 NY2d 10, 22; *People v Ryan*, 82 NY2d 497) did not impair the integrity of the Grand Jury, as is required for dismissal (CPL 210.35 [5]; *People v Darby*, 75 NY2d 449, 455). Although the order on appeal referred to a single count in the indictment, the court's reasoning necessarily required dismissal of two counts containing an aggregate weight element, both of which are reinstated pursuant to this order. Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.