■ The People of the State of New York, Respondent, v Joseph A. DeMarco, Appellant. [652 NYS2d 795] —Casey, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 15, 1993, upon a verdict convicting defendant of the crimes of forgery in the second degree and grand larceny in the fourth degree.

Based upon his alleged theft of credit cards belonging to David Bulger and his use of the stolen credit cards at several businesses in Broome County, defendant was indicted and charged with two counts of grand larceny in the fourth degree and 11 counts of forgery in the second degree. At trial, the People presented the testimony of a convenience store clerk and a State Trooper who observed defendant's use of one of Bulger's credit cards and his execution of a credit card slip in Bulger's name to purchase cigarettes. Bulger testified that he did not give defendant permission to use his credit cards although he had previously given other people permission to use them. Defendant admitted using Bulger's credit cards at three different businesses, but claimed that he had Bulger's permission to do so.

Based upon the absence of any expert evidence to establish that defendant had executed the various credit card slips, County Court granted defendant's motion to dismiss all of the forgery counts except the one based upon the eyewitness testimony of the store clerk and the Trooper. Defendant was found guilty of one count of grand larceny in the fourth degree and one count of forgery in the second degree. He now appeals from the judgment rendered on the jury's verdict.

Defendant contends that because the evidence was legally insufficient to permit counts 4 through 13 of the indictment to go to the jury, County Court must have erred in ruling against defendant on his pretrial motion directed at the legal sufficiency of the evidence before the Grand Jury. Inasmuch as the trial order of dismissal cured any possible error, we see no need to consider the issue. Defendant claims prejudice from the introduction of evidence at trial concerning the dismissed counts which, according to defendant, would not have been admissible if the counts had been dismissed prior to trial. Defendant, however, admitted using Bulger's credit cards on several occasions and the only issue actually in dispute at trial was whether defendant had Bulger's permission to use his credit cards. Based upon Bulger's testimony, the jury resolved the issue against defendant and we see no likelihood that any evidence concerning the dismissed counts played a role in the jury's determination.

We find no merit in defendant's claim that the integrity of the Grand Jury process was impaired because evidence concerning the credibility of witnesses was withheld by the prosecution (*see, People v Scruggs*, 201 AD2d 514, 515, *lv denied* 83 NY2d 1007). We also reject defendant's final contention that County Court erred in refusing to charge the jury to disregard all evidence concerning the dismissed counts. The jury was instructed that 10 counts of the indictment had been dismissed because the evidence was legally insufficient to permit the jury to consider the counts. The jury was also given explicit instructions with regard to the three counts it could consider. Defendant cites to no evidence submitted on the dismissed counts that could have had any bearing on the jury's determination of the three counts submitted to the jury. There is no basis to disturb the conviction.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.