■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTEZ JONES, Appellant. [662 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 24, 1995, convicting him of murder in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment for each conviction, to run concurrent with each other.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the conviction of reckless endangerment in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

It is well settled that a trial court, in the proper exercise of its supervisory role, may participate evenhandedly in the proceedings in order to clarify issues and facilitate the expeditious and orderly progress of a trial (*see, People v Jamison,* 47 NY2d 882; *People v Vargas,* 150 AD2d 513). Contrary to the defendant's contention, the trial court's conduct did not exceed permissible bounds of participation.

The defendant is correct, however, that he must be resentenced on the conviction for reckless endangerment in the first degree. That crime is not a violent felony, but the defendant was sentenced for that crime as a persistent violent felony offender (*see, People v Scruggs,* 201 AD2d 514).

The sentences imposed upon the convictions of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Altman and McGinity, JJ., concur.