■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLORIA CIFUENTES, Respondent. [686 NYS2d 437] —Appeal by the

People from an order of the Supreme Court, Queens County (Erlbaum, J.), dated March 31, 1998, which granted that branch of the defendant's omnibus motion, pursuant to CPL 210.20 (1) (c) and 210.35 (5), which was to dismiss the indictment, with leave to re-present before another Grand Jury, on the ground that the People had failed to properly instruct the Grand Jury and had impaired the integrity of the Grand Jury.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In instructing the Grand Jury on the law, the prosecutor, *inter alia*, tracked verbatim the language of Penal Law § 220.21 (1) and § 220.16 (1) which set forth the elements of criminal possession of a controlled substance in the first and third degrees, respectively, and read to the Grand Jury the definition of "knowingly" set forth in Penal Law § 15.05 (2). Contrary to the holding of the Supreme Court, these instructions to the Grand Jury were proper (*see, People v Valles,* 62 NY2d 36, 38; *People v Calbud, Inc.,* 49 NY2d 389, 394; *People v Ceasar,* 226 AD2d 113; *People v Vigo,* 222 AD2d 261) and did not impair the integrity of the Grand Jury (*see,* CPL 210.35 [5]; *People v Darby,* 75 NY2d 449, 455). Accordingly, the order appealed from must be reversed, and the indictment reinstated. S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.