■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIDAL CARRION, Appellant. [697 NYS2d 638] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Gerges, J.), rendered October 24, 1996, convicting him of attempted aggravated assault on a police officer, attempted murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the conviction of reckless endangerment in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The trial court's *Sandoval* ruling did not constitute an improvident exercise of discretion (*see, People v Walker,* 83 NY2d 455, 458; *People v Mattiace,* 77 NY2d 269, 274). Neither the number of prior convictions nor the similarity of the prior acts to the instant crime automatically precluded the prosecutor from using evidence of such crimes for impeachment purposes (*see, People v Callistro,* 259 AD2d 625; *People v Sager,* 251 AD2d 433). The defendant's previous convictions were probative in evaluating his credibility, and although the court permitted inquiry into each of the defendant's prior convictions, it forbade reference to the underlying facts. Thus, the court was sensitive to any prejudice which could have occurred when the jury learned that the defendant previously committed crimes that were similar to the instant crimes (*see, People v Walker, supra,* at 459).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. The inference of his guilt was consistent with, and flowed naturally from, the facts proved. The proof was sufficient for the jury to infer that it was equally the purpose of both the defendant and the unapprehended individual to forcibly take money from the cash register, and that the defendant possessed the requisite intent for the commission of the offense (*see, People v Allah,* 71 NY2d 830; *People v Woodbourne,* 237 AD2d 547). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, the defendant correctly contends that the sentence imposed upon his conviction of reckless endangerment in the first degree, as a persistent violent felony offender, was in error. At sentencing, the defendant admitted that he had been convicted of the requisite two prior violent felony offenses, and

was accordingly adjudicated a persistent violent felony offender (*see,* Penal Law § 70.08 [1] [a]). Nevertheless, reckless endangerment in the first degree is not a violent felony offense (*see,* Penal Law § 120.25). Thus, the defendant should not have been sentenced for that crime as a persistent violent felony offender, and the matter must be remitted to the Supreme Court for resentencing on that conviction (*see, People v Jones,* 242 AD2d 542; *People v Scruggs,* 201 AD2d 514).

The balance of the defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.