THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT TALLEY, Appellant. [710 NYS2d 265] —Judgment unanimously affirmed. Memorandum: Defendant contends that the prosecutor's failure to give the Grand Jury limiting instructions after eliciting testimony relating to defendant's assertion of the right to remain silent rendered the Grand Jury proceeding fatally defective and that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35. We disagree. The exceptional remedy of dismissal of an indictment is warranted only where the integrity of the Grand Jury proceeding is impaired and prejudice to the defendant may result (*see,* CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston*, 88 NY2d 400, 409). In view of the remaining evidence before the Grand Jury in this case, we conclude that the failure of the prosecutor to give limiting instructions does not require dismissal of the indictment (*see, People v Rivas*, 260

AD2d 583, 583-584, *lv denied* 93 NY2d 1025). (Appeal from Judgment of Monroe County Court, Marks, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.