■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES LYONS and JOHN DESERNIO, Respondents. [738 NYS2d 232] —Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated June 4, 2001, which granted those branches of the defendants' respective omnibus motions, pursuant to CPL 210.20 (1) (c) and 210.35 (5), which were to dismiss the indictment insofar as asserted against each of them, with leave to re-present before another grand jury, on the ground that the People had failed to properly instruct the grand jury.

Ordered that the order is reversed, on the law, those branches of the defendants' respective omnibus motions which were to dismiss the indictment are denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In instructing the grand jury on the law, the prosecutor, inter alia, tracked, verbatim, the language of the relevant Penal Law provisions which set forth the elements of grand larceny in the third degree (Penal Law § 155.35), forgery in the

second degree (Penal Law § 170.10), criminal possession of a forged instrument in the second degree (Penal Law § 170.25), and criminal possession of stolen property in the third degree (Penal Law § 165.50). These instructions sufficiently "provide[d] the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395; *People v Valles*, 62 NY2d 36, 38), and did not impair the integrity of the grand jury (*see,* CPL 210.35 [5]; *People v Cifuentes*, 259 AD2d 558, 559; *People v Cesar*, 226 AD2d 113). Therefore, the order is reversed and the indictment is reinstated. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.