■ The People of the State of New York, Respondent, v Donneil Hall, Appellant. [817 NYS2d 96]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered September 2, 2004, convicting him of criminal possession of a weapon in the third degree (two counts), unlawful possession of marijuana, and unlawful possession of an open container of an alcoholic beverage, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, evidence that a weapon, while being tested for operability, did not fire until the third round was tested was not material evidence that had to be presented to the grand jury, but merely touched on a collateral issue (*see People v Darby,* 75 NY2d 449, 455 [1990]; *People v Landtiser,* 222 AD2d 525, 527 [1995]). As such, the trial court properly denied the defendant's motion to dismiss the indictment.

The defendant's argument that his conviction was not based upon legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant possessed a loaded and operable weapon (*see People v Cavines,* 70 NY2d 882 [1987]; *People v Harris,* 305 AD2d 614 [2003]; *People v Lugo,* 161 AD2d 122 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for ap-

pellate review and, in any event, without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.