■ The People of the State of New York, Respondent, v Henry Edwards, Appellant. [819 NYS2d 527]—

Judgment, Supreme Court, New York County (Michael Ambrecht, J.), rendered January 3, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to 3 to 6 years, unanimously affirmed. Judgment, same court (Budd Goodman, J.), rendered January 21, 2003, convict-

---

ing defendant, upon his plea of guilty, of violating the terms of his probation, revoking his probation and sentencing him to 1 to 3 years, to run consecutively to the sentence imposed on January 3, 2003, unanimously affirmed.

It is settled that the People maintain broad discretion in presenting a case to the grand jury and "need not seek [out] evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (*People v Mitchell*, 82 NY2d 509, 515 [1993]; *People v Ramjit*, 203 AD2d 488, 489 [1994], *lv denied* 84 NY2d 831 [1994]). Moreover, it is not required that every complete defense suggested by the evidence be charged to the grand jury, rather, the test of whether a defense need be charged rests upon "its potential for eliminating a needless or unfounded prosecution" (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Samuels*, 12 AD3d 695, 698 [2004]), which requires more than mere allegations from the defendant (*People v Mitchell*, 82 NY2d at 514-515; *People v Brunson*, 226 AD2d 1093 [1996], *lv dismissed* 88 NY2d 981 [1996]). Here, the fact that the People did not charge entrapment to the grand jury was not reversible error, for other than defendant's allegations, the evidence, encompassing the testimony of the police officers involved and defendant's prior arrest record, including a conviction for selling 30 glassine envelopes of heroin to an undercover police officer, did not support that defense such that this could be considered a needless or unfounded prosecution.

Defendant's claim of ineffective assistance of counsel, to the extent it is reviewable on the existing record, is unavailing, as defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Not only did defense counsel obtain an acquittal on the top count of criminal sale of a controlled substance in or near school grounds, but had counsel, as defendant insists, pursued an entrapment defense, he risked exposing his client to having the jury made aware of his prior narcotics conviction.

Finally, defendant provides us with no grounds to set aside his conviction of violating the terms of his probation. Concur—Buckley, P.J., Friedman, Nardelli, Sweeny and Malone, JJ.