■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CEASAR COLUCCI, Respondent. [821 NYS2d 271]—

Appeal by the People from an order of the County Court, Suffolk County (Weber, J.), dated September 26, 2005, which, upon granting an application by the defendant for an in camera inspection of the minutes of the grand jury proceeding, dismissed the indictment with leave to the People to resubmit the case to another grand jury.

Ordered that the order is reversed, on the law, the indictment

is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

At the grand jury presentation, a grand juror asked the prosecutor how information about the underlying events came to the attention of the District Attorney's office, and why it "took so long" for the charges to be presented. The prosecutor informed the jurors that this information was not relevant to their consideration. The County Court determined that the prosecutor's answers to the grand juror's inquiries undermined the integrity of the proceeding and necessitated dismissal of the indictment. Specifically, it concluded that the prosecutor prevented the grand jury from assessing the credibility of the child victim's testimony and interfered with the jury's independent judgment as to whether there were other witnesses who could assist in weighing the credibility of the allegations. We conclude that the prosecutor's failure under these circumstances did not necessitate dismissal of the indictment.

The District Attorney "[w]here necessary or appropriate . . . must instruct the grand jury concerning the law with respect to its duties or any matter before it" (CPL 190.25 [6]). It is "sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]). The People have wide discretion in presenting evidence to establish their case and "do not have the obligation to present to the Grand Jury every piece of evidence which they possess against a suspect, nor must every matter which may have a tendency to reflect upon the credibility of a witness be revealed. The Grand Jury proceeding is not intended to be adversarial in nature or a minitrial of the individual suspected of committing a crime" (*People v Suarez*, 122 AD2d 861, 862 [1986]). Here, the grand juror's question sought to elicit information relating to the credibility of the young victim, a collateral issue "more appropriately reserved for presentation to the petit jury than to the Grand Jury" (*People v Ramjit*, 203 AD2d 488, 490 [1994]; *see People v Suarez, supra* at 862). On this record, there is no basis upon which to conclude that the prosecutor's response was improper or that it impaired the integrity of the grand jury proceeding (*see People v Van Dyke*, 214 AD2d 468 [1995]; *see also People v West*, 237 AD2d 315 [1997]). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.