■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KHURRAM SHAHZAD, Respondent. [897 NYS2d 907]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Nassau County (Carter, J.), dated April 22, 2008, as, upon granting an application by the defendant pursuant to CPL 210.30 (3) for an in camera inspection of the minutes of the grand jury proceeding, dismissed counts one, two, three, four, six, seven, eight, and nine of the indictment with leave to the People to resubmit the case to another grand jury.

Ordered that the order is reversed insofar as appealed from, counts one, two, three, four, six, seven, eight, and nine of the indictment are reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

At the grand jury proceeding, the arresting police officer, a 14-year law enforcement veteran, testified that he pulled over the defendant's vehicle for proceeding through a red light, and thereafter requested that the defendant produce his license and registration. As the defendant reached into the glove compartment, the arresting officer observed a ziplock bag containing a white, rock-like substance. The officer arrested the defendant, and a search yielded cocaine, marijuana, and prescription pills, which were confirmed by laboratory reports.

The grand jury voted to indict the defendant on nine counts, including charges relating to possession of controlled substances, unlicensed operation of a motor vehicle, other traffic infractions, and criminal impersonation. The defendant sought an in camera inspection of the minutes of the grand jury proceeding for the purpose of determining the legal sufficiency of the evidence supporting the indictment and the adequacy of the instructions given to the grand jury.

After its review, the County Court determined that the prosecutor's presentation undermined the integrity of the proceeding and necessitated dismissal of the indictment. Specifically, the court determined that, although the evidence "was legally sufficient to establish the crimes charged in the indictment," the fact that, inter alia, the arresting officer failed to testify about his training and experience with respect to identifying controlled substances was error. We reverse.

It is "sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide

whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *see People v Swamp*, 84 NY2d 725, 730 [1995]). The People have wide discretion in presenting evidence to establish their case and "do not have the obligation to present to the Grand Jury every piece of evidence which they possess against a suspect, nor must every matter which may have a tendency to reflect upon the credibility of a witness be revealed. The Grand Jury proceeding is not intended to be adversarial in nature or a minitrial of the individual suspected of committing a crime" (*People v Colucci*, 32 AD3d 1044, 1045 [2006]; *see People v Pickens*, 60 AD3d 699, 703 [2009]; *People v Suarez*, 122 AD2d 861, 862 [1986]).

Here, the County Court erred in dismissing counts one, two, three, four, six, seven, eight, and nine of the indictment on the ground that the grand jury proceeding "fail[ed] to conform to the requirements of [CPL article 190] to such degree that the integrity thereof [was] impaired and prejudice to the defendant may [have] result[ed]" (CPL 210.35 [5]; *see People v Colucci*, 32 AD3d at 1045; *People v Talley*, 273 AD2d 883 [2000]; *People v Rivas*, 260 AD2d 583, 583-584 [1999]; *People v Landtiser*, 222 AD2d 525, 527 [1995]; *People v Steans*, 187 AD2d 741 [1992]). Accordingly, those counts of the indictment must be reinstated. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.