◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PATTERSON, Appellant. [901 NYS2d 695]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered November 5, 2008, convicting him of attempted murder in the first degree, attempted aggravated assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"Where necessary or appropriate, . . . the district attorney . . . must instruct the grand jury concerning the law with respect to its duties or any matter before it" (CPL 190.25 [6]). "[I]t [is] sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *see People v Shahzad*, 71 AD3d 704 [2010]). It is the exclusive province of the grand jury to resolve the "fundamental, primarily factual question [as to] whether there was evidence establishing each element of the crime" (*People v Batashure*, 75 NY2d 306, 311 [1990]). Here, although the district attorney stated during a colloquy that the grand jury was not

apprised that an element of the crime of attempted murder in the first degree for which the defendant was charged was that the defendant must have been at least 18 years of age at the time of the alleged offense (*see* Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]), such omission did not impair the integrity of the grand jury since the defendant concedes that, upon his review of the grand jury minutes, the grand jury was provided with evidence demonstrating that he was 18 years of age at the time of the alleged crime (*see* CPL 210.20 [1] [c]; 210.35 [5]; *People v Cesar*, 226 AD2d 113 [1996]; *cf. People v McBride*, 66 AD3d 415 [2009]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we reject the defendant's challenges to the verdict as to attempted murder in the first degree and attempted aggravated assault in the first degree, as we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention regarding the County Court's jury instruction is unpreserved for appellate review and, in any event, without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.